THE CITY OF WYANDOTTE V. ALICE AGAN.

1. MARRIED WOMAN—*Action in Her Own Name.* Under the provisions of the act respecting the rights of married women, the earnings of a married woman from her own business, and from her labor or services performed on her sole and separate account, belong exclusively to her, and an injury which prevents her from carrying on her separate business, or disables her from performing such labor or service, accrues to her alone, and for which she may maintain an action against the wrongdoer in her own name.

2. ACTION, *When in Husband's Name.* Although a married woman may recover for such injuries as are personal to herself, the services rendered by her in the household in discharging the ordinary duties of a wife belong to her husband, and the loss of such services occasioned by an injury to her is his loss, and for which he only can recover.

3. ———— *Erroneous Instruction.* In an action brought by a married woman to recover for a personal injury, where it appeared that a part of her time had been devoted to the discharge of the domestic duties in the household, an instruction which authorizes the jury to allow her for the loss of time sustained by reason of the injury is erroneous.

*Error from Wyandotte District Court.*

ACTION to recover damages for bodily injuries. Trial at the July Term, 1885, and judgment for the plaintiff, *Alice Agan*, for $1,500, and costs. The defendant *City* brings the case to this court. The opinion states the facts.

*Wm. S. Carroll*, for plaintiff in error.

*J. O. Fife*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On August 20, 1884, and while passing along Barnett street, in the city of Wyandotte, Alice Agan sustained injuries from a fall caused by a defective sidewalk. The sidewalk was constructed of boards, some of which were loose and insecure, and as she passed over the walk a passer-by whom she met stepped on one end of a loose board, tipping it up against her, causing her to fall forward and into the opening caused by the displacement of the board. She brought an

action against the city, alleging that the injuries resulted from the negligence of the city in constructing and maintaining the sidewalk, and through no fault of her own, and placed her damages at $3,000. At the trial she stated that she was a married woman, and at the time of the injury was dependent upon her husband for support. She did not devote her entire time, however, to the domestic duties of the household, as she stated that a part of the time she carried on the business of dressmaking, but that after the injury she had been unable to continue in that business. About six months after the injury occurred, her husband got into trouble and left her, since which time his whereabouts have been unknown to her, and he has contributed nothing toward the support of herself and children. In one of the instructions given, the court directed the jury that if they found for the plaintiff, she would be entitled to recover, not only for the pain and suffering undergone and the permanent injury sustained, but also that they might allow her such "an amount of damages as the jury believed from the evidence will compensate her for the personal injury so received, and for her loss of time in endeavoring to be cured, and her expenses necessarily incurred in respect thereto, if any such loss or expense has been proven." An exception was taken to the giving of this instruction, and it forms the principal ground relied on by the city for a reversal of the judgment which she recovered.

Counsel for the city makes the broad claim that because she was a married woman her time and services belonged alone to her husband, and that a liability for the same could only arise in his favor. The common-law rule that the husband and wife are one person, and that he has the exclusive right to the labor, service and earnings of the wife, has been wisely and radically changed. A positive enactment of our legislature has removed many of the restraints and disabilities of coverture, and it contains a provision that —

"Any married woman may carry on any trade or business, and perform any labor or service on her sole and separate

34— 37 KAS.

account, and the earnings of any married woman from her trade, business, labor or service shall be her sole and separate property, and may be used and invested by her in her own name."

It also prescribes that she may sue to protect and enforce her rights in the same manner as if she were unmarried. (Gen. Stat. 1868, ch. 62.) It follows from this that the time and services of the wife do not necessarily belong to the husband, nor does an injury which causes the loss of such time and service necessarily accrue to him. At least a portion of her time may be given to the labor or business done on her sole and separate account. The profits or earnings of such business or labor are her sole and separate property, and cannot be appropriated or controlled by her husband without her consent. So far, then, as she is deprived of these she suffers a loss which is personal to herself, for which she alone can recover. The fact that she is partially or wholly dependent upon the husband for support does not abridge her right of action, nor transfer to him that which accrued solely to her. Notwithstanding this, we are compelled to hold that the instruction was prejudicially erroneous. The duty devolves upon the husband to take care of and provide for the wife, and he is entitled to her society and to her services other than those performed on her sole and separate account. If he is deprived of these services in consequence of an injury inflicted, the loss is his, and the right of action therefore exists in him. The rule fixing the liability for the services of a married woman is fairly stated in a case which arose and was tried in New York, where a statute exists substantially like ours. It was held that—

1. Action by wife, when.

2. Action by husband, when.

"The services of the wife in the household, in the discharge of her domestic duties, still belong to the husband, and in rendering such service she still bears to him the common-law relation. So far as she is injured so as to be disabled to perform such services for her husband, the loss is his and not hers, and for such loss of service he and not she can recover of the wrongdoer. But when she labors for another, her service no

longer belongs to her husband, and whatever she earns in such service belongs to her as if she were a *feme sole*, and so far as she is disabled to perform such service by any injury to her person, she can in her own name recover compensation against the wrongdoer for such disability as one of the consequences of the injury, . . . and the money recovered shall be her sole and separate property." (*Brooks v. Schwerin*, 54 N. Y. 343; *Minick v. City of Troy*, 19 Hun, 253; *C. B. & Q. Rld. Co. v. Dunn*, 52 Ill. 260; *Townsdin v. Nutt*, 19 Kas. 282; 3 Sutherland on Damages, 723.)

In the present case the court ignored this distinction, and in effect instructed the jury that the city was liable to Mrs. Agan for all the time which had been lost by reason of her injury, although it appeared that a large part of it had been devoted to the domestic duties of the household: if the instruction had limited her right of recovery to the injury which accrued to her, or had directed that she could not recover for the loss which her husband sustained by reason of her inability to discharge the ordinary duties of a wife, no prejudice would have resulted. The jury were directed to allow for the loss of time regardless of whether she was engaged in a business of her own, or was performing labor or service on her 3. Erroneous sole and separate account. Under the testimony instruction. and circumstances of the case, the instruction was erroneous. (*Thomas v. Town of Brooklyn*, 58 Iowa, 438.)

We have examined the other objections urged against the judgment, and find them untenable; but the error in the instruction requires a new trial, and for that purpose the judgment will be reversed, and the cause remanded.

All the Justices concurring.