57  521
60  174

THE SOUTHERN KANSAS RAILWAY COMPANY v. JOHN
A. PAVEY.

No. 9131.

1. ATTORNEY'S STIPULATION —*that issue of negligence should
abide Supreme Court's decision of another case, held binding
on client.* R. C. P., a married woman, obtained judgment against
A., a corporation, in the District Court of Franklin County
for damages for personal injuries, and A. sought a reversal
of the judgment in this Court. J. A. P., her husband, com-
menced another action against A. in the District Court of Douglas
County to recover damages for loss of the services of his wife, for
medical attendance, etc. At November term, 1889, said case was
continued by stipulation of the attorneys in open court, A.'s at-
torney acting without the express authority of A. or its general
solicitor. The terms of the stipulation were that the case was
not to be tried until the case of R. C. P. should be disposed of,
and a final judgment in that case should be conclusive in this on
the question of negligence; and if final judgment should be ob-
tained establishing the liability of A. in that case, then the ques-
tion to try in this should thereafter be the amount of recovery.
The judgment in favor of R. C. P. was affirmed by this Court at
January term, 1892, and A. paid and satisfied it. Afterward A.
filed a motion to set aside the stipulation, the case having been
continued in the meantime, and on the hearing it was shown that
on the next day after the stipulation was filed the attorney of A.,
who entered into it, notified the general solicitor, who at once dis-
approved it, and the attorney of J. A. P. was so notified; but
nothing was done by either party towards setting aside the stip-
ulation except as aforesaid. *Held,* that there was no error in
overruling said motion and holding that A. was bound by the
stipulation.

2. ———— *error to admit syllabus and opinion in evidence under
such stipulation.* While it was competent under the stipulation
to show that the judgment in favor of R. C. P. was affirmed, yet
the Court erred in admitting in evidence the syllabus and the
opinion in that case; and this error was material and perhaps
prejudicial to A.

3. EVIDENCE— *wife's petition in action for injury, not competent
against husband suing for loss of services.* The petition of R.
C. P. offered by A. for the purpose of showing that she claimed
damages which were also included in the petition of J. A. P. was
incompetent, and the Court did not err in excluding it.

4. Loss of Wife's Services— *husband may recover for, if wife does household work.* There being no intimation either by pleading or proof that R. C. P. pursued any vocation on her own account after her marriage, and it appearing from both that she was engaged in household work for her husband and family, J. A. P. may recover damages for the loss of her services.

*Error from Douglas District Court.*
*Hon. A. W. Benson, Judge.*

Reversed and Remanded.     Opinion Filed December 5, 1896.

On October 8, 1887, Rilla C. Pavey commenced an action against the Southern Kansas Railway Company in the District Court of Franklin County to recover a judgment for damages for personal injuries alleged to have been sustained by reason of the negligence of the Railway Company. She recovered a judgment in that Court for $6,000 and costs, and the judgment was brought to this Court for review.

John A. Pavey, the husband of Rilla C. Pavey, commenced the original action in this case against the same company on March 8, 1889, in the District Court of Douglas County to recover damages for the loss of the services of his wife, for expenses, etc., on account of the injuries alleged to have been sustained by her as aforesaid. On April 2, 1889, the Railway Company filed a motion to strike out certain designated words from the petition. This motion was signed by George R. Peck, A. A. Hurd and George J. Barker as attorneys for the defendant. On June 20, 1889, the motion was sustained and the plaintiff was given 10 days in which to amend his petition. The record recites that on November 26, 1889, the following stipulation was made and entered into by and between the attorneys for the parties, the same being dictated to the stenographer by George J. Barker, Esq., attorney for the said defendant, in open court,

and then transcribed by the stenographer and filed with the clerk of said court; the body of the same being as follows:

"It is stipulated by and between the parties hereto that this case shall be continued pending the litigation in the case of Rilla C. Pavey, now pending in the Supreme Court of the State of Kansas, and that a final judgment in that case shall be conclusive on the question of negligence in that case as well as in this. And if a final judgment in that case be obtained establishing the liability of the defendant, then the question to try in this case shall thereafter be the amount of recovery. But it is distinctly understood that this case is not to be tried until that case is finally disposed of."

The judgment in favor of Rilla C. Pavey was affirmed by this Court at its January term, 1892. 48 Kan. 452. Thereafter, on May 5, 1892, the Railway Company filed a motion to dismiss the action by reason of the failure of the plaintiff to obey the order of the Court requiring the amendment of the petition by striking out certain words within 10 days. This motion was overruled; but, at some time, the date not appearing, a substituted petition was filed omitting the objectionable words. Leave was given to the defendant to plead within 20 days, and the validity of said stipulation having been questioned, the Court notified the defendant that if it desired to vacate the same, application therefor must be made at the then present May term. On May 21, 1892, at said term, a motion was filed by the defendant to set aside said stipulation, on the grounds that George J. Barker was only a local attorney for the defendant, and had no authority to make such stipulation, or to waive any question of fact in the case, or to compromise or settle the same or waive any defenses therein; and said stipulation was

never approved by the defendant nor any of its duly authorized agents or attorneys ; and that it had a valid and complete defense against the plaintiff's alleged cause of action.    The affidavits of W. Littlefield, A. A. Hurd and George J. Barker were filed in support of this motion ; and they tended further to show that Barker told J. G. Waters, attorney for the plaintiff, before entering into the stipulation, that he thought he had no authority to do so but that he would notify A. A. Hurd, the general solicitor of the defendant for Kansas, and see if it would be approved by him ; that on the next day he wrote to Hurd informing him of the stipulation, and saying that if it was not satisfactory to let him know as soon as possible and he would notify Waters that it was repudiated and would have the case set down for trial at the next term ; that in a day or two thereafter he received a letter from Hurd stating that the stipulation was disapproved and he so notified Waters ; but neither party took any action for the vacation of the stipulation nor for having the case set down for trial, until after the Rilla C. Pavey case had been decided by this Court.    On June 4, 1892, said motion to set aside the stipulation was overruled. The defendant filed answer in due time, being a general denial.

The case was called for trial and a jury impaneled on December 8, 1892.    On the trial said stipulation was offered and received in evidence over the objection of the defendant, the Court holding that it was conclusive upon all questions of negligence, and that the only matter remaining for trial was as to the amount of damages recoverable by the plaintiff. Evidence was given tending to show the nature of the injury to Rilla C. Pavey ; the expenses of medical attention, care and nursing, and the extent of loss by

reason of her disability.    The plaintiff then offered in
evidence the syllabus and the opinion of this Court in
said Rilla C. Pavey case over the objection of counsel
for defendant, who admitted that said judgment had
been affirmed by this Court and paid by the Com-
pany together with interest and costs, amounting in all
to $7,334; but notwithstanding said admission the
Court permitted the syllabus and opinion to be read
in evidence.    A demurrer to the plaintiff's evidence
being overruled, the defendant offered testimony tend-
ing to impeach the validity of said stipulation; but
this was excluded.    Other evidence was admitted re-
lating to the injury to Mrs. Pavey and the extent
thereof, but the Court excluded the amended petition
of Rilla C. Pavey, which was offered for the purpose
of showing that she had sued for damages which were
also covered by the plaintiff's petition.    The defend-
ant requested certain instructions directed to the point
that, under the petition and the evidence, the plaintiff
was not entitled to recover for the loss of his wife's
services; but these were refused.

The jury returned a general verdict in favor of the
plaintiff for $4,000; and the answers to particular
questions of fact show that this was made up of the
following items, to wit: Loss of services of the wife
$3,640, medical attention $250, nursing and care $60
and medicines $50.    The motions of the defendant for
judgment in its favor and for new trial being over-
ruled, judgment was entered upon the verdict for the
amount thereof and costs; and the Railway Company
now seeks a reversal of said judgment.

A. A. Hurd, W. Littlefield, and O. J. Wood, for plain-
tiff in error.

J. G. Waters and A. H. Case, for defendant in error.

MARTIN, C. J. I. The question most argued in this case respects the validity of the stipulation and the authority of Mr. Barker to enter into it. A litigant corporation must necessarily be represented in court by some officer, agent, attorney or solicitor, and it is conceded that Mr. Hurd, the general solicitor of the Company for Kansas, might have bound his client by a like stipulation. So far as it appeared from the record Mr. Barker was equal in authority with Mr. Hurd. He was an attorney of record, and perhaps the only one representing the Company present at the time the agreement for continuance was made. The Court had a right to presume that he had authority, either express or implied, to stipulate in open court for a continuance upon certain conditions; and his act remained unchallenged in court about two years and a half, and until after the decision of this Court in Mrs. Pavey's case. It was then shown, however, that the general solicitor did not approve the stipulation, and that Mr. Waters, one of the attorneys for the plaintiff, was so notified; but, as the representatives of the Company knew that this stipulation was of record and was being acted upon by the continuance of the case in the meantime, it was incumbent upon them to signify to the Court that it was unauthorized and that the Company would not be bound by it. There is no claim that Mr. Barker was expressly directed by the Company or its general solicitor to make this stipulation; and if he had no implied authority as an attorney to do so, then it should be disregarded, unless the Company ought to be held to it by reason of the acceptance of the benefit thereof and the long delay in moving for its vacation. The authorities are not

1. Client held by stipulation of attorney.

harmonious as to the extent of the implied authority
of an attorney in the management of the litigation of
his client.   In *Marbourg v. Smith*, 11 Kan. 554, 562,
where it was claimed that counsel for the defendant
in a slander suit agreed, without the consent of his
client, that a dismissal of that case should bar an
action for the malicious prosecution thereof, it was
held that if counsel made such an agreement they had
exceeded their authority.   In *Herriman v. Shoman*, 24
Kan. 387, it was decided that an attorney employed
to collect a note, in the absence of special directions, is
authorized to receive money only in payment thereof.
In *Jones v. Inness*, 32 Kan. 177, it was held that an
attorney at law has no power, without express author-
ity, to compromise or settle his client's claim.   See,
also, *Rounsaville v. Hazen*, 33 Kan. 71, and *Mayer v.
Sparks*, 3 Kan. App. 602.   These cases, however, do
not reach the point at issue here.   In *Howe v. Lawrence*,
22 N. J. L. ( 2 Zab.) 99, 104, 106, it was held that an
agreement wanting in mutuality, and by which, with-
out the consent of his client, an attorney has waived his
client's substantial legal rights, will not be enforced,
and this case has been cited as authority for the po-
sition that an attorney cannot waive any substantial
legal right of his client ; but the case does not warrant
any such assumption, the main ground of the decision
being that the stipulation was altogether one sided
and entirely wanting in mutuality ; the Court saying,—
" Either the agreement must have been entered into
by the counsel of the defendant under some misap-
prehension of its character, in which event it is not
his agreement, or it must have been founded upon
some corrupt consideration, in which event it is
utterly void." It was an agreement ( to use the words
of Chief Justice MARSHALL in *Holker and others v.*

*Parker*, 7 Cranch, 436, 452)  '' so unreasonable in it-
self as to be exclaimed against by all, and to create an
impression that the judgment of the attorney has
been imposed on, or not fairly exercised in the case.''
An agreement of such a character should of course
be set aside by the court in the interest of justice.

The agreement made by Mr. Barker does not belong
in this class.   It does not impress us as unreasonable
or unusual.   A case had been tried in the District
Court of Franklin County involving the negligence of
the Railway Company and the contributory negligence
of Mrs. Pavey in relation to the casualty whereby she
received the personal injuries,— the subject of that
action and of this.   John A. Pavey was present with
his wife at the time she was hurt.   His contributory
negligence perhaps would not defeat her right of action,
while it might have that effect as to his own ; but un-
doubtedly, on the trial, the attorney representing the
Railway Company might have waived the defense of
contributory negligence, even though raised by the
pleadings.   The stipulation was mutually advanta-
geous.   It saved each party the trouble and expense
of taking the testimony as to the casualty without the
risk of its loss by the death, removal or absence of the
witnesses.   A final judgment in favor of the defend-
ant in Mrs. Pavey's case would have ended this one ;
while an affirmance of the judgment already obtained
was to be conclusive in this on the question of negli-
gence, leaving for trial only the amount of the recov-
ery.   We regard the stipulation in the light of a
waiver of proof on the question of negligence upon a
certain condition not unreasonable in itself.   Such
waivers by attorneys are common either before or dur-
ing the trial without the express authority of the
client, and they should usually be upheld unless in

case of fraud, imposition, collusion or mistake, when the court has ample authority to set them aside; but there is no suggestion of any of these in this case. This conclusion in our opinion finds support in the following authorities: *Halliday v. Stuart*, 151 U. S. 229, 235; *Cox v. Railroad Co.*, 63 N. Y. 414, 418; *Saleski v. Boyd*, 32 Ark. 74, 83; *Rogers v. Greenwood*, 14 Minn. 333; *Eidam v. Finnegan*, 48 id. 53 (16 L. R. A. 507); *Foster v. Wiley*, 27 Mich. 244, 248, 249; *Cheever v. Mirrick et al.*, 2 N. H. 376, 379; *Moulton v. Bowker*, 115 Mass. 36, 40; 2 Wharton, Ev. § 1184.

II. The Court erred in admitting in evidence the syllabus and the opinion of this Court in the Rilla C. Pavey case. Under the stipulation it was competent to prove that the judgment in that case had been affirmed, and this might have been done by the introduction in evidence of a certified copy of the judgment of affirmance; but neither the syllabus nor the opinion forms part of the judgment in a civil case. In *The State v. Wait*, 44 Kan. 310, and in *A. T. & S. F. Rld. Co. v. Dwelle*, 44 id. 394, 408, it was held error to allow counsel to read to the jury the opinion of this Court in another case; and it could not be less prejudicial to introduce the same in evidence, for this would authorize any proper comment

**2. Syllabus and opinion not admissible.** upon it in argument. We have had some doubt whether the error was sufficiently material and prejudicial to require a reversal of the judgment, but have resolved it in the affirmative. In order to establish liability in this case it was only necessary to prove that the judgment in Mrs. Pavey's case had been affirmed; but to disclose the extent of Mrs. Pavey's disability and the plaintiff's loss resulting therefrom evidence was necessary, and even

the record in another case between other parties would be incompetent. Some of the comments of the Court, however appropriate in that case, were not applicable in this; and as the verdict was, to say the least, very liberal for the loss of services, it may have been influenced to some extent by this incompetent evidence. Besides, counsel for defendant admitted in open court that the judgment in favor of Mrs. Pavey had been affirmed; and this was all the legitimate matter furnishing an excuse for the reading of the syllabus and the opinion. Perhaps the admission may be good upon a subsequent trial (*C. B. U. P. Rld. Co. v. Shoup*, 28 Kan. 394); but at all events it was sufficient to obviate the necessity for the introduction of any further evidence in relation to Mrs. Pavey's case.

III. The Court was right in excluding the amended petition in Mrs. Pavey's case, even upon the assumption that she may have sought damages therein which were also claimed by the plaintiff in his petition. We must presume that she recovered in that action only the damages to which she was entitled, whatever her claim may have been; but if her judgment had been for more, this would be no sufficient reason for depriving the plaintiff of damages which he had sustained. There was no relation between the two cases as to the amount of damages which the respective plaintiffs were entitled to recover.

3. Wife's petition not competent, when.

IV. The instructions directed to the point that, under the petition and the evidence, the plaintiff was not entitled to recover for the loss of his wife's services, were properly refused. There was no intimation either by pleading or proof that Mrs Pavey pursued

Kingman Co. v. Leonard.

any vocation on her own account after her marriage, and it sufficiently appeared from both

4. Husband may recover for loss of wife's services.

that she was engaged only in household work for her husband and family. The cases of *City of Wyandotte v. Agan*, 37 Kan. 528, 530, and *A. T. & S. F. Rld. Co. v. Dickey*, 1 Kan. App. 770, are not inconsistent with a recovery in this case. The Court carefully and correctly instructed the jury touching the kinds of damages recoverable by the plaintiff, and the findings show that the jury fully comprehended the instructions and were governed thereby.

For the error in admitting in evidence the syllabus and the opinion in Mrs. Pavey's case the judgment must be reversed and the case remanded for a new trial.

All the Justices concurring.