No. 30,707.

DAVID O. TAYLOR, *Appellant,* v. S. H. KRESS & COMPANY, *Appellee.*

(12 P. 2d 808.)

Opinion filed July 9, 1932.

*B. A. Earhart,* of Hutchinson, for the appellant.

*A. C. Malloy, Roy C. Davis* and *Warren H. White,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: David O. Taylor brought this action against S. H. Kress & Company, merchants conducting a store at Hutchinson, to recover for a loss of the services of his wife, caused, as he alleged, by the negligence of defendant, by which she was injured and rendered unfit to discharge her domestic duties to the Taylor family. The injury, it is alleged, occurred when she went into de-

fendant's store to trade and stepped upon some trash on an oiled, slippery floor, which caused her to fall, when she received severe injuries which have incapacitated her to perform her duties as a wife, in housework and care of the family.

A demurrer and a motion to dismiss the action was filed by defendant on the ground that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff, and the motion to dismiss the cause of action with prejudice, for the reason that the wife of the plaintiff had heretofore filed a suit against defendant for damages for the same accident and claimed injuries the same as are claimed in this action, and that that suit had proceeded to a final determination in the court. The demurrer to the petition was sustained, the court holding that the cause of action set up by plaintiff vested solely in the wife of plaintiff under the provisions of R. S. 23-205, and for the further reason that on the showing made the wife of the plaintiff has heretofore filed a suit against the defendant in this court, covering the same items of damage as are claimed in this case, in which judgment has been rendered against her. Plaintiff appeals, and the controversy between the parties centers on the interpretation and application of R. S. 23-205, which provides as follows:

"That where, through the wrong of another, a married woman shall sustain personal injuries causing the loss or impairment of her ability to perform services, the right of action to recover damages for such loss or impairment shall vest solely in her, and any recovery therefor, so far as it is based upon the loss or impairment of her ability to perform services in the household and in the discharge of her domestic duties, shall be for the benefit of her husband so far as he shall be entitled thereto: *Provided, however,* That nothing herein shall in any way affect the right of the husband to recover damages for the wrongful death of his wife."

The action of Mrs. Taylor, in which she asked damages not only for the injuries sustained but also for the loss resulting from the injury which she alleged rendered her unable to work, and that she would never again be able to work, was brought to the attention of the court in this action prior to the ruling from which plaintiff appeals. The judgment in the action brought by Mrs. Taylor is shown to have been decided against her, and from that judgment she took an appeal to the supreme court, which is still pending and undetermined.

The contention of appellee, which was sustained by the decision of the court, is that the statute quoted gives the sole right of action

to the wife to recover damages for her inability to perform household services or the discharge of her domestic duties and necessarily bars the maintenance of such action by her husband. She availed herself of the benefit of the statute by asking damages for such loss, but it was judicially determined that she was not entitled to recover any damages on that account. In this action her husband brings another action claiming that he is entitled to the services of his wife, and therefore to damages for the loss of her services occasioned, as he said, by the wrong of the defendant. He recognizes the existence of the statute which in terms vests the sole right to recover for such loss in a married woman, but he contends that it was not the intention of the legislature to abrogate the rule of the common law that the husband was entitled to the services of his wife, and insists that the act does not deprive him of that right. Plaintiff does not attempt to point out any constitutional defects in the statute or any lack of power in the legislature to enact a law giving the sole right to the wife to recover such damage, and none is apparent to the court. There can be no reasonable doubt of the intention of the legislature to place that right alone in the wife. The language is definite, clear and free from ambiguity and the purpose is so plain that nothing is left for interpretation. Before the passage of the act the husband had a right of action and could maintain a suit for the loss of his wife's services. (*City of Wyandotte v. Agan,* 37 Kan. 528, 15 Pac. 529.) The result was that in many cases the wife would bring an action to recover for the injuries she sustained and the husband a separate action against the same defendant for loss of services of his wife sustained by reason of the same injury.

The legislature has from time to time largely extended the rights of women and has removed many of the restraints and disabilities of coverture under the common law. (*City of Wyandotte v. Agan,* supra.) Exercising the same power, the legislature thought it wise to enact that the rights of married women to recover for loss of time or inability to perform services because of injuries wrongly inflicted on her, should be extended and the right vested in her alone. The statute necessarily bars the right of the husband to recover for such loss, and besides removing common-law restraints it avoids a multiplicity of suits.

The judgment is affirmed.