No. 34,577

Dr. C. M. Foster, *Appellee,* v. J. H. Kopp, *Appellant.*

(100 P. 2d 660)

Opinion filed April 6, 1940.

*Walker F. Means,* of Hiawatha, for the appellant.
*Paul B. Bailey,* of Hiawatha, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Plaintiff, an osteopathic physician, sued defendant for $39.50 on account for the treatment of his wife. Defendant admitted owing $19.50, but denied liability for any further sum, and by way of counterclaim attempted to plead a cause of action for damages in the sum of $300 on the theory that plaintiff, by malpractice, breached his implied contract to properly osteopathically treat defendant's wife. At the close of the evidence the court instructed the jury to return a verdict for plaintiff for the amount sued for. This was done. Defendant has appealed.

The amount involved in the judgment for plaintiff is insufficient to give this court jurisdiction of the appeal. (G. S. 1935, 60-3303.)

In the counterclaim it was alleged that defendant, as the husband of his wife, is entitled to her services, and that as a result of the wrongful, negligent and improper treatment of his wife by plaintiff, defendant had been deprived of her services; that defendant's wife has suffered permanent and lasting injury, and defendant has been compelled to pay for medical attention by reason of such injuries,

and that the reasonable value of such household services and medical attention is the sum of $300. Our statute (G. S. 1935, 23-205), in part, reads:

"That where, through the wrong of another, a married woman shall sustain personal injuries causing the loss or impairment of her ability to perform services, the right of action to recover damages for such loss or impairment shall vest solely in her. . . ."

The trial court was of the opinion that because of this statute plaintiff could not recover on the cause of action he attempted to set out in his counterclaim. We concur in that view. (See *Taylor v. S. H. Kress & Co.,* 136 Kan. 155, 12 P. 2d 808.)

Appellant stresses the point that since plaintiff was an osteopathic physician, and defendant called him to treat his wife, that the implied contract of employment was that plaintiff should treat her osteopathically; that it is alleged plaintiff did not do so, and that the injuries complained of resulted from plaintiff's failure to carry out the implied contract. An action for damages for malpractice is a tort, irrespective of the fact that the pleading may attempt to predicate the cause of action upon contract. (*Travis v. Bishoff,* 143 Kan. 283, 54 P. 2d 955; *Coulter v. Sharp,* 145 Kan. 28, 64 P. 2d 564.) In any event, plaintiff's alleged acts, constituting malpractice, were the "wrong of another," within the meaning of G. S. 1935, 23-205, and the cause of action for injuries resulting therefrom, mentioned in that section, vested solely in defendant's wife, not in him.

We find no error in the record. The judgment of the court below is affirmed.