No. 36,793

VADA WHITE, *Appellee*, v. ELKIN TOOMBS and H. C. BEVELHYMER, doing business as The Defense Transportation Company, *Appellant*.

(178 P. 2d 206)

Opinion filed March 8, 1947.

*Vincent F. Hiebsch* and *Milton Zacharias,* both of Wichita, argued the cause, and *William J. Wertz* and *Eugene L. Pirtle,* both of Wichita, were with them on the briefs for the appellant.

*John F. Eberhardt,* of Wichita, argued the cause, and *Robert C. Foulston, George Siefkin, Samuel E. Bartlett, George B. Powers, Carl T. Smith, Stuart R. Carter,* and *Thomas E. Woods,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for damages which resulted to plaintiff for personal injuries sustained when she was riding in a bus operated by the defendant as a public utility and a passenger for hire through the alleged negligent action of defendant. The second cause of action made all the allegations of the first cause of action a part thereof and alleged:

"Second: That said plaintiff was at the time of the injuries, married and living with her husband at Planeview, Kansas. That she has three children. That she was doing all the necessary work as a housewife for and on behalf of her husband and her children. That by reason of the injuries above alleged, she has been unable to do any housework for and on behalf of her husband and family, but has been totally disabled to the date of this suit and will be forever partially disabled for performing such work by reason thereof. She brings this, her Second Cause of Action for and on behalf of her husband and family for the loss of her services [in a sum stated]."

Defendant demurred to the petition upon the ground that two causes of action were improperly joined. It also demurred to the first cause of action upon the ground that it did not state facts sufficient to constitute a cause of action. It also demurred to the second cause of action upon the ground that it did not state facts sufficient to constitute a cause of action. These demurrers were by the court considered and overruled, and defendant has appealed.

The authority of plaintiff to recover upon the facts alleged in the second cause of action is found in our statute (G. S. 1935, 23-205), which reads:

"That where, through the wrong of another, a married woman shall sustain personal injuries causing the loss or impairment of her ability to perform services, the right of action to recover damages for such loss or impairment shall vest solely in her, and any recovery therefor, so far as it is based upon the loss or impairment of her ability to perform services in the household and in the discharge of her domestic duties, shall be for the benefit of her husband so far as he shall be entitled thereto: *Provided however,* That nothing herein shall in any way affect the right of the husband to recover damages for the wrongful death of his wife."

In this court appellant, contrary to its position in the court below, contends that plaintiff's right to recover for damages to herself and her right to recover under the above statute for damages to her husband, both resulting from the same alleged negligence of defendant, constitute but one cause of action, and that in fact plaintiff has improperly split her cause of action into two parts. If we should assume that to be true, it is not a ground for demurrer set out in our statute. (G. S. 1935, 60-705.) It has been held that a demurrer to a petition must be upon some one of the grounds named in the statute. (*Mayberry v. Kelly,* 1 Kan. 116; *Sparks v. Smeltzer,* 77 Kan. 44, 45, 93 Pac. 338; Dassler's Kansas Civil Code, 2d ed., p. 245.) Prior to the enactment in this state of the statute above quoted the rule in this state, and generally elsewhere, was that when a married woman was damaged by the negligence of another she could recover for the damages she sustained, but could not recover for damages sustained by her husband resulting from the same negligence. The husband alone could sue for his damages. See *City of Wyandotte v. Agan,* 37 Kan. 528, 15 Pac. 529; *Street Rly Co. v. Stone,* 54 Kan. 83, 100, 37 Pac. 1012; *Railway Co. v. Pavey,* 57 Kan. 521, 46 Pac. 969. Under that practice there were two trials upon the question of the liability of defendant. Our statute was enacted to avoid such a multiplicity of

suits. (*Anspaugh v. Dougherty,* 153 Kan. 257, 109 P. 2d 101.) We think it appropriate, at least, for the petition to be framed in two causes of action. There are elements entering into one which do not enter into the other. Each requires appropriate instructions not proper in the other alone; and it would also be appropriate to have different verdicts, since the elements of damage are different and the parties who have a beneficial interest in the proceeds of the litigation are different.

Counsel for appellant, in its brief says that in *Clark v. Southwestern Greyhound Lines,* 144 Kan. 344, 58 P. 2d 1128, the court "inferentially" said there was but one cause of action with two elements of damage. We find no such inference in that decision. They also cite *Montgomery Ward & Co. v. Callahan,* 127 F. 2d 32, and quote from the opinion (p. 36):

"The statute under consideration here does not create two separate rights, one for the wife and one for the husband which she maintains for his benefit. It creates in her a single right, the right to maintain an action against the wrongdoer for all loss suffered as a result of her injuries. This right is placed in the wife. (Citing *Taylor v. S. H. Kress & Co.,* 136 Kan. 155, 12 P. 2d 808.) We can read nothing into the statute which would require splitting up a single cause of action belonging to the insane wife, solely on the ground that part of the recovery inures to the benefit of the husband."

We find no occasion in the opinion for the court to use this language. The action was by the guardian of an insane wife in which she sought to recover "damages for personal injuries suffered as a result of the negligence of the Company, and the further sum . . . for the use and benefit of her husband." The opinion does not disclose whether the petition in that case was in separate counts or whether the pleading was in one count. The objection made on appeal to the recovery for the benefit of her husband was that the statute "vests the right to maintain that action solely in the wife, and it may not therefore be maintained by the guardian of the wife." We regard that as distinct from the question of whether the pleadings should be all in one count or in separate counts. In any event we do not construe it as a holding that the petition of the wife in such an action cannot be stated in two separate causes of action.

In this court appellant abandons its contention that the first cause of action does not state facts sufficient to constitute a cause of action. Its contention here is that the second cause of action does not state sufficient facts because plaintiff alleged that "She

brings this, her Second Cause of Action for and on behalf of her husband *and family*," the contention being that her husband's family is not entitled to any part of the judgment on that cause of action, but that all of it goes to plaintiff's husband.

This petition was not motioned. No doubt the court would have stricken out the words "and family" had it been requested to do so. We think the words may be regarded as surplusage. By their use plaintiff could neither enlarge nor diminish the statutory right of plaintiff to recover on behalf of her husband.

We find no error in the record. The judgment of the court below is affirmed.