## No. 41,895

GLADYS CORNETT, *Appellee*, v. CITY OF NEODESHA, *Appellant*.

(353 P. 2d 975)

Opinion filed July 2, 1960.

*Walter L. McVey, Jr.*, of Independence, argued the cause, and *Dan R. Aul*, of Sabetha, and *P. W. Stephens*, of Neodesha, were with him on the briefs for the appellant.

*Herman W. Smith, Jr.*, of Parsons, argued the cause, and *Elmer W. Columbia; John B. Markham;* and *E. W. Beeson*, all of Parsons, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an action for damages instituted by the plaintiff, Mrs. Gladys Cornett, for injuries sustained from a fall on an alleged defective sidewalk located in the city of Neodesha.

The facts necessary to an orderly disposition of this appeal are as follows.

Plaintiff commenced this lawsuit by filing a petition containing two causes of action. Highly summarized, since its contents are

not involved in this appeal, her first cause of action alleged the defect in the sidewalk complained of and that said defect caused her to fall; alleged with particularity acts of negligence on the part of the city; averred plaintiff had filed a notice and claim with the city clerk, marked Exhibit "A" and attached to the petition, but that the city had not acted thereon; and further alleged that she had received various injuries and loss of wages, as the result of which she had sustained damages in an amount stated.

Plaintiff's second cause of action, upon which this appeal is predicated, incorporated all allegations of the first cause of action; alleged that she was married and by reason of her alleged injuries had been unable, and would continue to be unable, to perform services in the household; and stated that she was bringing the second cause of action on her husband's behalf for damages.

The prayer of the petition asked for the recovery of all damages claimed in both causes of action.

Exhibit "A," heretofore noted, was a verified notice of personal injury and claim which was filed in due time with the city clerk. It stated that plaintiff tripped and fell on a city sidewalk; noted the injuries sustained; gave dates of hospital confinement; set out the alleged defect in the sidewalk and the duration of time such defect had existed; alleged such defect was dangerous and that the city had notice thereof; contained an itemized statement of her claim in which, among other things, she included loss of service to family; listed the respective items and amounts of damages claimed to have been sustained as the result of her fall; and demanded judgment for the sum total thereof.

The defendant city attacked plaintiff's petition by filing motions to make definite and certain, also to strike certain allegations of the first cause of action. These motions were overruled and are not involved in this appeal.

The city also leveled a demurrer against plaintiff's second cause of action on grounds the district court was without jurisdiction of the subject of the action and the facts failed to state a cause of action. When this demurrer was overruled the city perfected the instant appeal where now, under a single specification of error, it claims the trial court erred in overruling its demurrer to plaintiff's second cause of action.

In giving consideration to the sole question involved on appellate review the court has decided the problems presented, as well as its

opinion, will be simplified by reference at the outset to certain matters which may be regarded as beyond dispute.

The motion to make the petition more definite and certain and to strike certain of its allegations is not abstracted and no claim of error is made with respect to the ruling thereon, hence it must be assumed such motion was properly overruled. This, under well-established rules of the court, means the petition is subject to a liberal construction and that its allegations are to be given the benefit of all reasonable inferences.

G. S. 1949, 23-205, provides that where, through the wrong of another, a married woman shall sustain personal injuries causing the loss or impairment of her ability to perform services, the right of action to recover damages for such loss or impairment shall vest solely in her, and that any recovery therefor, shall be for the benefit of her husband so far as he shall be entitled thereto.

In decisions construing the force and effect to be given the foregoing section of the statute it has been held that under its terms the right to recover damages for such services vests solely in the wife and the husband is barred from maintaining an action to recover for the loss thereby sustained (*Taylor v. S. H. Kress & Co.*, 136 Kan. 155, 12 P. 2d 808; *Clark v. Southwestern Greyhound Lines*, 144 Kan. 344, 58 P. 2d 1128; *Foster v. Kopp*, 151 Kan. 650, 100 P. 2d 660); and that in maintaining an action to recover damages for the negligent act of another it is not improper for the wife to frame her petition in two causes of action, one for the damages sustained by her and the other for the damages resulting to her husband from the loss of her services (*White v. Toombs*, 162 Kan. 585, 178 P. 2d 206).

So far as here pertinent G. S. 1959, Supp., 12-105, reads:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three (3) months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto: . . ."

This court has always recognized the power of the legislature to enact a statute establishing conditions precedent to the maintenance of an action against a city for damages to person or property. Indeed it has long been committed to the proposition that the provisions of the statute just quoted, which we pause here to note

have been applicable to cities of the first class since 1903 (L. 1903, Ch. 122, § 7), to cities of the second class since 1919 (L. 1919, Ch. 143, § 1) and cities of the third class since the 1923 revision of our general statutes (R. S. 1923, 12-105), establish conditions precedent to the maintenance of an action against a municipality on account of injuries to persons or property; and that it is incumbent upon any person seeking to maintain such an action to affirmatively plead substantial compliance with the requirements of its provisions in order to state a cause of action against the city. See, e. g., *Dechant v. City of Hays,* 112 Kan. 729, 212 Pac. 682; *Hibbs v. City of Wichita,* 176 Kan. 529, 271 P. 2d 791; *Wildin v. City of Hutchinson,* 177 Kan. 671, 282 P. 2d 377; *Howell v. City of Hutchinson,* 177 Kan. 722, 282 P. 2d 373; *McGinnis v. City of Wichita,* 180 Kan. 608, 306 P. 2d 127; *Watkins v. City of El Dorado,* 183 Kan. 363, 327 P. 2d 877; *Avery v. City of Lyons,* 183 Kan. 611, 331 P. 2d 906.

The purpose of the legislature in enacting statutes similar to those to which we have last referred and, from the standpoint of accomplishing that purpose, the sufficiency of the statements required by their terms were considered and determined in our early case of *Cook v. Topeka,* 75 Kan. 534, 90 Pac. 244, where it is said:

"The object of filing this statement is to inform the city of the accident, and the place in the street where it occurred, that the city may remove the obstruction from the street or alley or mend the place causing the accident, and also to give the city an opportunity to ascertain the extent of the complainant's injuries and the incidents attending the happening of the accident while the occurrence is fresh in the minds of those who possess information on the subject.

. . . . . . . . . . . . . . .

"The statute requiring a statement to be filed with the clerk is mandatory; that is, no action can be maintained until such statement is filed; but with respect to the details of the statement precise exactness is not absolutely essential. . . ." (p. 536.)

With respect to the same subjects see *Holmes v. Kansas City,* 101 Kan. 785, 168 Pac. 1110, where it is said:

". . . The notice effected the purpose of the statute, which is to inform the city of the accident and of the defect which causes an injury, and to give the city an opportunity to ascertain the character and extent of the injury sustained. Precise exactness is not required, and, inaccurate as the notice was, it led the city authorities to the information it was designed to carry, and the case therefore falls fairly within the rule of *Cook v. Topeka,* 75 Kan. 534, 90 Pac. 244. Defendant insists upon a stricter interpretation of the statute requiring notices to the city of claims, but as stated in *McHenry v. Kansas City,* ante, p. 180, 165 Pac. 664, 'this court is always lenient and liberal as to mere matters

of form, and will overlook a defect in the statutory statement which does not or can not mislead the city.' (p. 182.)." (p. 786.)

A preliminary contention advanced by appellant, as affording a ground for the reversal of the trial court's order overruling the demurrer to the second cause of action, set forth in its petition, is that more than one right of action to recover damages for loss or impairment of appellee's ability to perform services existed, therefore she could not maintain a cause of action to recover such damages. The short and simple answer to this contention is to be found in the clear and unequivocal language of the statute (23-205, *supra*) and the decisions (*Taylor v. S. H. Kress & Co.*, supra; *Clark v. Southwestern Greyhound Lines*, supra; *Foster v. Kopp*, supra.) construing its force and effect. Such statute vests the right of action to recover such damages solely in the wife and the decisions construing its terms definitely hold that by reason of its provisions the husband cannot maintain an action therefor. It necessarily follows this contention lacks merit and cannot be upheld.

The over-all claim of error made by appellant is that the statement filed by appellee with the city clerk failed to comply with the mandatory requirements of 12-105, *supra*, hence its demurrer to the second cause of action should have been sustained.

Heretofore we have pointed out that the statement filed with the city clerk was attached to and made a part of the first cause of action of appellee's petition. We have also noted that by proper reference appellee made all allegations of her first cause of action, including her statement of claim, a part of her second cause of action. This means that in our consideration of the ruling on the demurrer the statement must be considered as a part of the second cause of action.

It may now be stated that, since appellant concedes appellee's written statement meets all that is required under the provisions of 12-105, *supra*, to enable her to maintain her first cause of action and is thus forced to admit that such statement is also sufficient to withstand a demurrer against the second cause of action unless there is something in the facts therein relied on which requires the establishment of conditions precedent different than those required in order for her to maintain the first, the gist of all contentions advanced by appellant on the claim now under consideration is that, as conditions precedent to the maintenance of appellee's second cause of action her statement of claim must contain affirmative

allegations to the effect (1) she was a married woman and (2) making a claim against the city on behalf of her husband, notwithstanding the statement was signed by Mrs. Gladys Cornett and recitals in the body thereof were to the effect "Mrs. Gladys Cornett" was making the claim and that, as a result of its negligence, the city was obligated to pay her a sum certain for "loss of service to family."

In view of what has been heretofore stated it is neither necessary nor required that we here labor arguments made with respect to the point now under consideration. It suffices to say, that with respect to the phrase thereof hereinabove identified as (2), what is said and held in the fourth preceding paragraph of this opinion makes it obvious that, since the right of action to recover damages for loss of impairment to appellee's ability to perform services was vested in appellee and could not be maintained by her husband, it cannot be successfully argued that an affirmative allegation to the effect she was making a claim against the city on behalf of her husband was a condition precedent to the maintenance of her second cause of action; and that with respect to the phrase heretofore identified as (1), particularly when the allegations of the involved statement are given the benefit of reasonable inferences, it should not be said or held that a more precise and exact statement on the part of appellee as to her marital status was a condition precedent to the maintenance of her second cause of action. Moreover, when it is carefully analyzed in the light of the confronting facts and circumstances and our decisions, we are convinced the involved statement of claim supplied the appellant with all the factual information necessary to comply with the fundamental requirements of the statute (12-105), providing such statement should give the time and place of the happening of the accident, or injuries received, and the circumstances relating thereto.

We find nothing in the record or in arguments made by the parties to warrant or permit a conclusion the trial court erred in overruling the demurrer to the second cause of action of the petition.

Therefore its order and judgment must be and is hereby affirmed.