This opinion shall constitute the findings of fact and conclusions of law of the Court.

Mrs. Clarence CRIQUI, Plaintiff,

v.

BLAW–KNOX COMPANY, a Corporation; Harrison Construction Company, a Corporation; and Fischbach & Moore, Incorporated, a Corporation, Defendants.

No. T–2825.

United States District Court
D. Kansas.

Sept. 14, 1962.

L. R. Hannen and H. T. Horrell, Burlington, Kan., for plaintiff.

O. B. Eidson and E. Gene McKinney (of Lillard, Eidson, Lewis & Porter), Topeka, Kan., for defendant Blaw-Knox Corporation.

Richard A. Barber, John A. Emerson and Fred N. Six, Lawrence, Kan., for defendant Harrison Construction Company.

Herbert A. Marshall (of Meyers, Gault, Marshall & Hawks), Topeka, Kan., for defendant Fischbach & Moore, Inc.

ARTHUR J. STANLEY, Jr., Chief Judge.

The plaintiff in this action is the wife of Clarence Criqui who was injured while working on the construction of a missile base in Coffey County, Kansas. Clarence Criqui has received an award under the Kansas Workmen's Compensation Act for his injuries. His wife seeks now to recover for loss of consortium allegedly attributable to the same injuries. Defendant, Blaw-Knox Corporation, the prime contractor on the missile base project, has moved for summary judgment under F.R.Civ.P. rule 56, 28 U.S. C.A. Defendant, Harrison Construction Company, a subcontractor and the employer of plaintiff's husband, has moved under F.R.Civ.P. rule 12(b) to dismiss for failure to state a claim upon which relief can be granted. Jurisdiction is based upon diversity of citizenship.

The two questions presented are whether in Kansas a wife has a cause of action for loss of consortium, and if so, whether the Kansas Workmen's Compensation Act abrogates her right to sue on the cause.

The law to be applied is, of course, the law of Kansas. A direct answer to the first question has not been found in the decisions of the Supreme Court of Kansas. In this circumstance I must try to arrive at what Judge Jerome Frank has termed a "prophetic judgment"; that is, I must exercise my own judgment, based upon the principles of state law which I believe to be applicable.

In several recent cases courts of other jurisdictions have wrestled with the question. The leading case approving a wife's right to maintain a cause of action for loss of consortium is Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811 (1950). The court there examined the reasons for and against such a right in the wife and concluded that by reason of the existing law of the District of Columbia; and because of what the court termed the "specious and falla-

cious" reasoning of cases adhering to the majority rule; and "in light of the demonstrable desirability of the rule under the circumstances," the wife has a cause of action for loss of consortium.

An example of the majority rule which denies recovery is Frenzen v. Zimmerman, 127 Colo. 381, 256 P.2d 897 (1953). The most recent pronouncement of the majority rule is that of the Supreme Court of South Carolina, Page v. Winter, 126 S.E.2d 570.

I do not feel compelled to examine the many reasons, legal and social, for recognizing or creating such a right in the wife, because I believe that the Kansas courts have given clear indication of the rule that would be announced if called upon to decide whether such a right exists.

There is no doubt that under English common law the husband had a cause of action for loss of consortium and the wife did not. One reason for this was that the wife then had no capacity to sue. Another reason was that a wife occupied an inferior station comparable to that of a servant, and servants had no enforceable interest in injuries to their masters. See Ehrlich's Blackstone, 534, 535.

The common law remains in force in Kansas in aid of the general statutes. Kan.G.S.1949, 77–109. The legislature, in 1868, removed the common law disability of married women to sue and be sued, Kan.G.S.1949, 23–203; and granted permission to wives to retain, as separate property, their own earnings. Kan.G.S.1949, 23–204.

After 1868, a wife could sue for her personal injuries, but the Kansas courts restricted the wife's recovery for loss of services to those rendered outside the household. City of Wyandotte v. Agan, 37 Kan. 528, 15 P. 529 (1887). The husband retained the right to sue for loss of household services and cost of medical care, nursing care, and medicine, caused or incurred by injury to his wife. Railway Co. v. Pavey, 57 Kan. 521, 46 P. 969 (1896).

The legislature, in 1921, gave married women the sole right to sue for loss or impairment of their ability to perform household services. Kan.G.S.1949, 23–205;[1] Taylor v. S. H. Kress & Co., 126 Kan. 155, 12 P.2d 808 (1932).

Husbands persisted in attempts to retain some right to maintain actions for the recovery of damages resulting from injuries to their wives. At first they succeeded. In Shattuck v. Pickwick Stages Corp., 135 Kan. 602, 11 P.2d 996 (1932), a husband recovered the value of nursing care rendered to his wife. But later, a husband was denied recovery for loss of companionship on the ground that "companionship" is included in the terms "services" and "domestic duties" as used in G.S. 23–205. Clark v. Southwestern Greyhound Lines, 144 Kan. 344, 58 P.2d 1128 (1936). Still later, in Foster v. Kopp, 151 Kan. 650, 100 P.2d 660 (1940), a husband alleged expenditures for medical care and loss of household services in a suit for malpractice based on breach of contract. The court held that malpractice is a tort and a "wrong" within the meaning of G.S. 23–205, and that the cause of action, therefore, vested solely in the wife. It would appear that in Kansas the husband has lost his ancient common law right to sue for the recovery of damages arising out of non-fatal injuries to his wife. Cornett v. City of

[1]. *"Loss or impairment of services, right of action; rights of husband.* That where, through the wrong of another, a married woman shall sustain personal injuries causing the loss or impairment of her ability to perform services, the right of action to recover damages for such loss or impairment shall vest solely in her, and any recovery therefor, so far as it is based upon the loss or impairment of her ability to perform services in the household and in the discharge of her domestic duties, shall be for the benefit of her husband so far as he shall be entitled thereto: *Provided, however,* That nothing herein shall in any way affect the right of the husband to recover damages for the wrongful death of his wife."

Neodesha, 187 Kan. 60, 353 P.2d 975 (1960).

The Supreme Court of Kansas has said that G.S. 23–205 was enacted to avoid a multiplicity of suits. White v. Toombs, 162 Kan. 585, 178 P.2d 206 (1947). The legislature having established a policy against such multiplicity where the wife is injured, it would seem that the same rule should govern where the husband is injured. In the recent case of Hoffman v. Dautel, 189 Kan. 165, 368 P.2d 57 (1962), it was held that minor children have no cause of action for damages arising out of nonfatal injury to their father, the court saying that to hold otherwise would result in multiplicity of actions, with the added possibility of double recovery.

Applying the rule announced in Hoffman to the instant case, I hold that the complaint fails to state a claim upon which relief can be granted and that both motions must be granted. In the light of this holding, it is not necessary to consider the second question presented.

Counsel will submit appropriate orders.