318 F.2d 811
 Mrs. Clarence CRIQUI, Appellant,
v.
BLAW-KNOX CORPORATION, a corporation, Harrison Construction Company, a corporation, and Fischbach and Moore, Incorporated, a corporation, Appellees.
 No. 7191.
 United States Court of Appeals Tenth Circuit.
 June 21, 1963.
 
 H. T. Horrell, Burlington, Kan. (L. R. Hannen, Burlington, Kan., was with him on the brief), for appellant.
 Richard A. Barber, Lawrence, Kan. (John A. Emerson and Fred N. Six, Lawrence, Kan., were with him on the brief), for appellee Harrison Construction Co., Inc.
 Herbert A. Marshall, Topeka, Kan. (Allen Meyers and Doral H. Hawks, Topeka, Kan., were with him on the brief), for appellee Fischbach & Moore, Inc.
 E. G. McKinney, Topeka, Kan. (O. B. Eidson, Topeka, Kan., was with him on the brief), for appellee Blaw-Knox Corp.
 Before BREITENSTEIN, HILL and SETH, United States Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 This appeal involves the right of a wife, under the law of Kansas, to recover damages from a third party tort-feasor for loss of consortium, resulting from personal injuries sustained by her husband through the alleged negligence of such third party.
 
 
 2
 Only a brief statement of facts is necessary to clearly point up the issue. Clarence Criqui, husband of appellant, was employed by the appellee, Harrison Construction Company, a sub-contractor on a missile base site, and he suffered personal injuries during the course of his employment.[1] Appellee, Blaw-Knox Corporation, was the prime contractor on the project and appellee, Fischbach and Moore, Incorporated, was another sub-contractor. Appellant brought this common law action in a state court against all three construction corporations to recover damages for loss of consortium, resulting from the personal injuries sustained by her husband. Because of diversity of citizenship the case was removed to the United States District Court, where the appellee-defendants, Blaw-Knox and Fischbach and Moore, filed motions for summary judgment and appellee-defendant, Harrison, filed a motion to dismiss. All of such motions were based upon the contention that, under Kansas law, a wife has no right of action for the loss of consortium resulting from the negligent injury of her husband and therefore the complaint did not state a claim upon which relief could be granted. The trial court agreed and sustained the three motions,[2] thence this appeal.
 
 
 3
 It is agreed that, the question presented being one of substantive law and the injury having occurred in Kansas, we are bound by the law of Kansas.[3] Counsel in the case, in their diligent search, have not been able to locate either a statute or an appellate decision in Kansas directly passing upon the question of whether a wife has a right of action for the loss of consortium caused by a third party's negligent injury of her husband, and our own research reveals none.
 
 
 4
 In the absence of such a statute or decision by the highest court in the state, a federal court must nevertheless ascertain from all the available sources what the law of that state is and apply it.[4] In so doing, a federal court is bound to look to the common law as declared by the state courts of our country.[5] Or, as stated by this court in Fisher v. Firemen's Fund Indemnity Company, 10 Cir., 244 F.2d 194, 196, "And since the state courts of Kansas have had no occasion to pass on the particular question presented we must rely on the general law of that state and authority we consider persuasive."
 
 
 5
 Where there is a conflict in the decisions of the state courts of our country, the federal court construing the law of the state in question, will assume that the courts of that state will follow the weight of authority.[6] And, of course, this court has often said that, in the absence of a decision by the state courts, we will accept the considered determination of the trial judge as to the local law, unless clearly convinced to the contrary.[7]
 
 
 6
 It is agreed by the parties, and an examination of the cases confirms, that there is a conflict in the authorities on the question of a wife's right to recover for loss of consortium resulting from a negligent injury to her husband. The majority rule is that the wife does not have such a right of action but there is respectable authority to the contrary.[8] The view allowing recovery has been supported in some law review articles.[9] And, we are constrained to say that we agree with some of the criticisms of the majority rule as pointed out in these articles and by the appellant. However, there can be no doubt but what the denial of such an action remains the majority rule.
 
 
 7
 The general law of Kansas does give some help on the problem before us. As argued by appellant, that state, under the common law, for many years permitted a husband, in a separate action, to recover damages for loss of consortium and services, resulting from personal injury to his wife.[10] It has been held that this right of the husband could be abrogated only by statute and that the so-called Married Women's Acts[11] did not destroy the right. In 1921, this cause of action in Kansas became statutory,[12] and vested solely in the wife, for the benefit of the husband.[13] The statute created in the wife a single legal right for all loss suffered,[14] and was enacted to avoid a multiplicity of suits.[15] Conversely, the statutes in Kansas are, and have always been, silent as to the right of a wife to recover because of injuries suffered by her husband.
 
 
 8
 It is true that the Kansas statutes expressly give to women, even while married, the right to sue and be sued.[16] It is also true, as pointed out by appellant, that Section 18 of the Bill of Rights of the Kansas Constitution gives to all persons a legal remedy for "* * * injuries suffered in person, reputation or property * * *", and that there are cases which hold that the reciprocal rights of husband and wife to consortium are regarded as property of the respective parties.[17] We recognize that these are strong points of argument in favor of appellant, but, hasten to note that this same line of argument has been used in numerous other cases and rejected.[18]
 
 
 9
 Counsel for appellant further argues that, in view of the husband's right to recover in Kansas for loss of the wife's consortium, a denial of the wife's right to recover here amounts to a double standard. As previously pointed out, the Kansas legislature, in 1921, abolished the common law right of the husband to sue for loss of consortium in his own name, by giving the cause of action to the wife, to recover for the benefit of her husband. Therefore, the cause of action, as it existed at common law, available only to the husband, has been modified by the legislature. If it still may be said that a "double standard" exists, redress may be had to the legislature.
 
 
 10
 Both the appellees and the trial court place some reliance on the recent case of Hoffman v. Dautel, 189 Kan. 165, 368 P.2d 57 (1962),[19] not because of identical facts, but, because of the Kansas court's expressed attitude toward changes in the substantive law of the state. Speaking for the court, Justice Fatzer said:
 
 
 11
 "While courts should be ever alert to widen the circle of justice, at the same time they should proceed with caution in laying down a new rule in the light of conditions affected or to be affected by it. If this court were to conclude that a cause of action is here alleged, the far-reaching results of such a decision would be readily apparent. A new field of litigation would thus arise between minor children and third party tortfeasors who injure either parent when it is alleged that the negligent injury contributed to the impairment or destruction of the happy family unit with resulting loss and damage to the minor children. The possibility of multiplicity of actions based upon a single tort and one physical injury, when there is added the double-recovery aspect of such a situation in the absence of some statutory control, is deemed sufficient to prevent this court from answering in the affirmative that a cause of action has been alleged. * * *" (368 P.2d at 59, 60)
 
 
 12
 The reasons given in that case, i. e., multiplicity of actions based upon a single tort and the possibility of double recovery, are the very reasons advanced by many courts in support of the majority rule denying the wife a cause of action for loss of consortium. In view of the language in the Hoffman case and in view of the majority rule, we do not believe that this court should lay down a new rule of substantive law in Kansas allowing recovery in the type of action involved here, and, thus, open up a "new field of litigation" in that state. We, of course, recognize that the modern trend does appear to favor the appellant's position and that the Supreme Court of Kansas, in the absence of statutory prohibitions, may some day lay down such a rule. Nevertheless, that decision should come in the first instance from the Kansas Court and not from this court.
 
 
 13
 Moreover, to our knowledge, this is the first case, on an appellate level, in the more than one hundred years of Kansas judicial history, in which a wife has sought relief for this kind of an alleged wrong. That fact is a strong indication that during all of those years it has been the accepted law of the state that no such cause of action existed.
 
 
 14
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 It is undisputed that Clarence Criqui has received an award under the Kansas Workmen's Compensation Act for such injuries. In view of our decision, it is not necessary to decide whether such an award is a bar to recovery for loss of consortium
 
 
 [2]
 Criqui v. Blaw-Knox Company, 208 F. Supp. 605 (D.Kan.1962)
 
 
 [3]
 Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Albina Engine & Machine Works, Inc. v. Abel, 10 Cir., 305 F.2d 77; Askin v. Dalgarno, 10 Cir., 293 F.2d 424; Hardware Dealers Mutual Fire Insurance Co. v. Smart, 10 Cir., 293 F.2d 558
 
 
 [4]
 West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139; Werthan Bag Corp. v. Agnew, 6 Cir., 202 F.2d 119
 
 
 [5]
 Werthan Bag Corp. v. Agnew, supra
 
 
 [6]
 United States v. Jones, 10 Cir., 229 F. 2d 84, 58 A.L.R.2d 778, cert. denied, 351 U.S. 939, 76 S.Ct. 835, 100 L.Ed. 1466
 
 
 [7]
 Dallison v. Sears, Roebuck & Co., 10 Cir., 313 F.2d 343, 347, and cases therein cited
 
 
 [8]
 The cases supporting both the majority and minority rule are collected in 27 Am. Jur., Husband and Wife, § 514, p.p. 114-115; 41 C.J.S. Husband and Wife § 404, p.p. 900-901; Annot., 23 A.L.R.2d 1378-1397, and supplements thereto. See, also, the recent cases of Seagraves v. Legg, W.Va., 127 S.E.2d 605 (following majority rule) and Stenta v. Leblang, Del., 185 A.2d 759; Novak v. Kansas City Transit, Inc., Mo., 365 S.W.2d 539 (following minority rule)
 
 
 [9]
 See, e. g., Tippman, The Breakdown of Consortium, 30 Colum.L.Rev. 651; 64 Har.L.Rev. 672; Holbrook, The Change in the Meaning of Consortium, 22 Mich. L.Rev. 1
 
 
 [10]
 City of Wyandotte v. Agan, 37 Kan. 528, 15 P. 529; Atchison, T. & S. F. R. Co. v. McGinnis, 46 Kan. 109, 26 P. 453; Southern Kansas Ry. Co. v. Pavey, 57 Kan. 521, 46 P. 969
 
 
 [11]
 Mewhirter v. Hatten, 42 Iowa 280, 20 Am.Rep. 618; 27 Am.Jur., Husband and Wife, § 502, p.p. 101-102
 
 
 [12]
 Kan.G.S.1949, 23-205
 
 
 [13]
 Taylor v. S. H. Kress & Co., 136 Kan. 155, 12 P.2d 808; Foster v. Kopp, 151 Kan. 650, 100 P.2d 660
 
 
 [14]
 Montgomery Ward & Co. v. Callahan, 10 Cir., 127 F.2d 32
 
 
 [15]
 White v. Toombs, 162 Kan. 585, 178 P. 2d 206
 
 
 [16]
 Kan.G.S.1949, 23-203
 
 
 [17]
 See Hitaffer v. Argonne Co., 87 U.S. App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, cert. denied, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624; Acuff v. Schmit, 248 Iowa 272, 78 N.W.2d 480
 
 
 [18]
 See cases cited in authorities set forth in footnote 8 supporting majority rule
 
 
 [19]
 Noted and discussed in 1 Washburn L.J. 610; 11 Kan.L.Rev. 186