No. 19,630.

E. D. THOMPSON, *Appellee*, v. THE AULTMAN & TAYLOR MACHINERY COMPANY and C. H. GLAZIER, *Appellants*.

SYLLABUS BY THE COURT.

1. AUTOMOBILE COLLISION—*Driver Acting within Scope of His Authority—Evidence*. The evidence held sufficient to take to the jury the question whether the agent of the owner of an automobile, who was driving it at the time of a collision, was acting within the scope of his employment.

2. SAME—*Personal Injuries—Loss of Wife's Services—Elements of Damages*. In an action by a husband to recover for the loss of his wife's services, through an injury to her occasioned by the negligence of the defendant, it is not error to instruct that the term services includes

whatever of aid, assistance, comfort and society the wife would be expected to render to or bestow upon her husband in the circumstances in which they were situated.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed July 10, 1915. Affirmed.

*John W. Adams,* and *George W. Adams,* both of Wichita, for the appellants.

*Clyde E. Souders,* and *Otto R. Souders,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: A collision took place between an automobile driven by C. H. Glazier, an agent of the Aultman & Taylor Machinery Company, and a buggy in which Mrs. E. D. Thompson was driving. Her husband recovered a judgment against the company and its agent on account of injuries to her and to the property. The company appeals.

The principal question involved is whether there was any evidence that at the time of the accident Glazier was acting within the scope of his employment as the company's agent. Its contention is that he had been given a vacation, which had already begun, and that with its permission he was using the automobile for his own pleasure. The plaintiff maintains that Glaizer's headquarters were with the company at Wichita; that he had been out upon a business trip in its behalf, from which he was returning when the collision occurred; that his actual employment in the service of the company continued until he delivered the automobile to it at Wichita. We think the evidence justified submitting the question of fact to the jury, and that its decision, having been approved by the trial court, is final.

Glazier's evidence tended to support the company's contention. He gave testimony to this effect: About the middle of the week before Christmas he drove in the automobile from Wichita into Oklahoma on the company's business; he had permission to take a vacation, and had decided to begin it on Sunday; he had originally planned to return to Wichita Sunday evening, but concluded to stop that day and visit relatives, with whom he stayed all night; the next day he drove to

Wichita, stopping for supper with a sister, and taking with him from her home a nephew who desired to go to the city; the accident occurred on the way there at about half past eight o'clock in the evening. He also testified, however, that he did some canvassing for the company on Monday morning —that he sold machines until noon. The jury were not obliged to give full credence to all of his statements, and there was room to infer that at the time of the injury he was completing a business trip for the company, rather than engaging in a pleasure excursion on his own account. This inference justified the general verdict and several special findings in its support, to which objection is made. This view was fairly embodied in the instructions of the court.

With regard to the measure of damages the jury were told that if they found for the plaintiff he was entitled to compensation for the loss of his wife's services, and that the word services was used "in a sense implying whatever of aid, assistance, comfort and society that wife would be expected to render or bestow upon her husband under the circumstances, as shown in this case, in the conditions in which the husband and wife were placed." This is substantially the definition of services generally adopted. (Cooley on Torts, 1st ed., p. 226, 3d ed., p. 471; 2 Sedgwick on Damages, 9th ed., § 486a; 4 Sutherland on Damages, 3d ed., § 1252; 7 Words & Phrases, p. 6432; Note, 33 L. R. A., n. s., 1042.) The instruction does not authorize the allowance of solace money as an independent item of damages, and the jury were expressly told that the plaintiff could not recover for mental suffering.

Complaint is made of the admission of certain evidence having some bearing upon the effect of her injuries upon the plaintiff's wife. It does not seem likely to have seriously affected the amount of recovery, the verdict being for $250, and is not thought to require specific discussion. Error is assigned with regard to excluded testimony, but can not be considered, as no affidavit of its substance was produced at the hearing of the motion for a new trial. (Civ. Code, § 307.)

The judgment is affirmed.