No. 32,979

Anton Clark, *Appellee*, v. The Southwestern Greyhound Lines, The Cardinal Stage Lines Company, Otto Bradley and Delbert Gardner, Doing Business as Bradley & Gardner, *Appellants.*

(58 P. 2d 1128)

Opinion filed July 3, 1936.

*T. M. Lillard, O. B. Eidson, Philip Lewis, Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson, Ralph Oman, Hugh C. Larimer* and *J. C. Linge,* all of Topeka, for the appellants.

*J. R. Hyland, H. N. Hyland,* both of Washington, *Walter M. Kelly* and *Will Abbott Kelly,* both of Chicago, Ill., for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action by a husband to recover damages in the aggregate of $15,000 for personal injuries alleged to have been sustained by his wife. Judgment was for plaintiff, overruling a general demurrer to the petition and overruling special demurrers and motions to strike. Defendants appeal.

Plaintiff sought to recover $5,000 on account of medical expenses

paid in the treatment of his wife and the sum of $10,000 on account of being deprived of her services and companionship.

The defendant, The Southwestern Greyhound Lines, Incorporated, filed a general demurrer on the ground that the petition did not state facts sufficient to constitute a cause of action, and a special demurrer to that part of the petition which sought a recovery on account of the alleged loss of services and companionship by reason of injuries to the wife of plaintiff for the reason that the statute does not permit such a recovery by the husband. The trial court overruled the general demurrer and sustained the special demurrer only insofar as it related to the loss of services, holding that the plaintiff could maintain the action insofar as it related to the claim for loss of companionship.

The Cardinal Stage Lines Company, a corporation, filed the same sort of a special demurrer with the same results.

Defendants Bradley and Gardner filed a motion to strike from the petition the allegations with reference to the recovery of money for loss of services and companionship. This motion was sustained only as to striking out the amounts claimed for loss of services and overruled as to the amount claimed for loss of companionship.

Defendant Greyhound Lines appeals from the order overruling its special demurrer as to that portion of the plaintiff's petition which sought a recovery for loss of the wife's companionship. The Cardinal Stage Lines appeals from the same order. Bradley and Gardner appeal from the order overruling their motion to strike from the plaintiff's petition the allegations with respect to the plaintiff's right to recover for loss of his wife's companionship.

The plaintiff did not appeal from the order sustaining the special demurrers and motions to strike with reference to the allegations of the petition claiming the right of the husband to recover damages for the loss of his wife's services.

It will be seen that all the defendants raise the same question; that is, Can a husband maintain an action for damages on account of the loss of his wife's companionship?

The trouble arises over a construction of R. S. 23-205. That section is as follows:

"That where, through the wrong of another, a married woman shall sustain personal injuries causing the loss or impairment of her ability to perform services, the right of action to recover damages for such loss or impairment shall vest solely in her, and any recovery therefor, so far as it is based upon the

loss or impairment of her ability to perform services in the household and in the discharge of her domestic duties, shall be for the benefit of her husband so far as he shall be entitled thereto: *Provided, however,* That nothing herein shall in any way affect the right of the husband to recover damages for the wrongful death of his wife."

This is section 1 of chapter 177 of the Laws of 1921. This was enacted as a step in the emancipation of women. It takes one step in the movement away from the idea that a married woman had no legal existence apart from her husband. The rule may be stated as follows:

"The wife owes a duty to her husband, of which physical labor may or may not be a part, depending upon circumstances, which is called in the common-law writs, consortium, and means conjugal society and assistance. So the common law recognized the right of the husband to maintain an action against one who tortiously impaired the ability of a wife to perform her duty, and thus deprived the owner of his right thereto. Such action, when based on personal injury to the wife, was in trespass on the case, *per quod consortium amisit.* The great weight of authority sustains the husband's right to recover for loss or impairment of this right to conjugal society and assistance." (21 A. L. R. 1519, note.)

The legislature of Kansas attempted to meet this by the enactment of R. S. 23-204. This section provided as follows:

"Any married woman may carry on any trade or business, and perform any labor or services, on her sole and separate account; and the earnings of any married woman from her trade, business, labor or services shall be her sole and separate property, and may be used and invested by her in her own name."

It was not, however, entirely successful.

The case of *City of Wyandotte v. Agan,* 37 Kan. 528, 15 Pac. 529, was a case where a wife was injured and brought an action to recover, among other things, for her loss of time. The jury was instructed to allow for the loss of time, regardless of whether she was performing services on her sole and separate account, despite the provisions of R. S. 23-204. This court held this to be error. The court said:

"The duty devolves upon the husband to take care of and provide for the wife, and he is entitled to her society and to her services other than those performed on her sole and separate account. If he is deprived of these services in consequence of an injury inflicted, the loss is his, and the right of action therefore exists in him." (p. 530.)

When the statute with which we are concerned, that is, R. S. 23-205, was enacted in 1921, the intention no doubt was to correct this situation. It is a trifle difficult for the writer of this opinion, in

1936, to picture women as in so very much need of emancipation, but evidently the legislature thought so in 1921. At any rate the act provides that when a woman is injured and her ability to perform services is impaired, the right of action shall vest solely in her for the benefit of her husband.

In this case the plaintiff husband brought the action for loss of services and companionship. The lower court held that he could not maintain the action for loss of services. From that decision there has been no appeal on the part of plaintiff. Defendants are contending here that services as used in R. S. 23-205 includes companionship. The position taken by plaintiff would require courts and juries to distinguish between services and companionship. That is, when a dutiful wife arose in the morning and prepared breakfast for her husband, that would be services, and the husband could not maintain an action for loss of that, but while this happy couple were eating breakfast and the wife had surrendered the morning papers and during a lull in the efforts necessary to induce the children to eat their cereal she laughed at an occasional stale joke or offered a comment on some passing news of the day, that would be companionship, and the husband could maintain an action for loss of that. Then when the time came to go to the office and the wife drove the husband to work in the family car, that would be work that might be performed by a chauffeur and would be called services, and the husband could not maintain an action for loss of it. If, however, on the way down there was gay laughter and happy conversation while this happy couple planned a picnic for the evening, that would be companionship and the husband could maintain an action for the loss of that. It seems that the mere statement of the proposition is a refutation of it. The fact is that the wife owes the duty to observe the little amenities and attentions that tend to keep the matrimonial bark riding at an even keel as much as she does the duty to look after the more material tasks of the household. By way of dicta it may be said that the husband owes the same duty. They are all services as dealt with by R. S. 23-205. To hold otherwise would require the installation of a time sheet in every home and devolve upon courts and juries the impossible task of deciding where services left off and companionship began. We are loath to think that the legislature intended to place upon the courts such a task. (See *Thompson v. Machinery Co.*, 96 Kan. 259, 150 Pac. 587; also *Butler v. R. Co.*, 143 N. Y. 417, 38 N. E. 454;

*Gulf, C. & S. F. Ry. Co. v. Younger,* [Tex. Civ. App.] 40 S. W. 423, and *Selleck v. City of Janesville,* 104 Wis. 570, 80 N. W. 944.)

The judgment of the trial court is therefore reversed with directions to sustain the special demurrers and motions of defendants to strike.