No. 44,399

Laura Velma Cuddy Keck, *Appellant,* v. J. R. Cheney, Director, Alcoholic Beverage Control, *Appellee.*

(413 P. 2d 119)

Opinion filed April 9, 1966.

*Robert A. Schermerhorn, C. L. Hoover* and *William D. Clement,* all of Junction City, were on the briefs for the appellant.

*Robert C. Londerholm,* Attorney General, *Park McGee,* Assistant Attorney General, and *Thomas B. Root,* Attorney for Alcoholic Beverage Control, were on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This appeal stems from a controversy over the cancellation of a license to sell alcoholic beverages at retail.

The undisputed facts presenting but a single issue will be highly summarized.

Prior to her marriage to Clark Keck in February, 1964, Laura Velma Cuddy, appellant, had been a licensed operator of a retail liquor store at 501 South Seventeenth Street, Manhattan, Kansas. She had been licensed since November 17, 1958.

The Alcoholic Beverage Control, upon receiving information from Laura that she was married to Clark Keck, made an investigation into Keck's background, as is customary in all such cases, and ascertained that on November 9, 1957, he had been convicted in the State of Texas of a charge of driving a motor vehicle upon a public highway while intoxicated. Subsequently, after a hearing before the Director, Laura's retail liquor license was revoked under the provisions of K. S. A. 41-311 (1) (c) (n).

The Penal Code of the State of Texas is made up of various titles and the offense for which appellant's husband was convicted is found in Vernon's Texas Annotated Penal Code Article 666, Chapter 8, "Offenses Against Public Policy, Etc." and Article 802,

Chapter 1, "Highways and Vehicles" entitled "Driver Intoxicated Or Under Influence Of Intoxicating Liquor."

Article 802, *supra,* reads:

"Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a misdemeanor and upon conviction shall be punished by confinement in the county jail for not less than three (3) days nor more than two (2) years, and by a fine of not less than Fifty ($50.00) Dollars nor more than Five Hundred ($500.00) Dollars. Provided, however, that the presiding judge in such cases at his discretion may commute said jail sentence to a probation period of not less than six (6) months. . . ."

Under Article 666 Vernon's Texas Ann. P. C. appears Chapter 8 "Texas Liquor Control Act" which was first adopted in 1935. Upon enactment of the "Texas Liquor Control Act" Chapter 7, of Article 666 entitled "Intoxicating Liquors" was repealed.

Following the revocation of her retail liquor license Laura appealed to the district court of Riley County. That court concluded:

"A conviction of driving a motor vehicle while intoxicated or under the influence of intoxicating liquor, wherever such conviction occurs, is a bar to the issuance of any type of a license under the Kansas Liquor Control Act. (K. S. A. 41-311, Subsection [c].)

"Appellant-licensee's spouse, Clark Keck, is ineligible to receive any license under the Kansas Liquor Control Act by reason of his conviction of driving a motor vehicle while intoxicated.

"Under provisions of K. S. A. 41-311, Section (1), Sub-section (c) and (n), the appellant-licensee is not entitled to retain or renew her retail liquor license, numbered 2615-08101-11, because her spouse, Clark Keck, is ineligible to receive any license under the Kansas Liquor Control Act."

Judgment was rendered cancelling the retail liquor license. Laura has now appealed to this court.

The sole question presented for review is whether Article 802, *supra,* is an intoxicating liquor law, as that term is used in K. S. A. 41-311 which, so far as pertinent to this appeal, reads:

"(1) No license of any kind shall be issued to:

. . . . . . . . . . . . . .

"(c) A person who has been convicted of or had pleaded guilty to a violation of intoxicating liquor laws of any state or the alcoholic beverage control laws of the United States or shall have forfeited his bond to appear in court to answer charges for any such violation;

. . . . . . . . . . . . . .

"(n) Any person if the spouse of such person would be ineligible to receive such a license hereunder for any reason other than citizenship and residence requirements."

Kansas has a statute similar to the code provision in Texas which prohibits driving an automobile on a public road while intoxicated or under the influence of intoxicating liquor. K. S. A. 8-530 provides in part:

"(a) It is unlawful and punishable as provided in subdivision (c) of this section for any person who is under the influence of intoxicating liquor to drive any vehicle within this state."

The above section is to be found in the statutes under a chapter designated "Automobiles And Other Motor Vehicles." The article is designated "Act Regulating Traffic On Highways."

The appellant suggests that since both the Kansas and Texas provisions prohibiting driving an automobile while under the influence of intoxicating liquors are to be found under classifications dealing with regulation of traffic on highways that their violation is not a violation of an intoxicating liquor law, as that term is used in 41-311, *supra*, but is rather the violation of a traffic regulation.

We cannot agree with appellant for to do so would do violence to the clear intent and purpose of the legislature when it enacted 41-311, *supra*, prohibiting the granting of a license to any person or the spouse of any person who had been convicted or plead guilty to a violation of any intoxicating liquor law. It matters not where the law is classified in the statutes if it deals with intoxicating liquors.

The legislature could, reasonably, have had but one thing in mind, it did not want anyone who was prone to abuse the use of intoxicating liquors to have anything to do with a retail liquor store.

Being drunk on a highway is made a public offense in this state by K. S. A. 41-802. This is admittedly a violation of an intoxicating liquor law, as that term is used in 41-311, *supra*. One cannot be driving an automobile on a public highway while drunk without being drunk on a public highway.

We would not charge the legislature with intending that being drunk on a highway is a bar to receiving an intoxicating liquor license, but driving an automobile while being drunk on a highway is not a bar receiving such a license. A statute should be so construed if possible as not to charge the legislature with a ridiculous result.

The judgment is affirmed.