The Honorable Jerry Moran State Senator, 37th District Emprise Bank Building P.O. Box 128 Hays, Kansas 67601
Dear Senator Moran:
As state senator for the 37th district, you ask our opinion regarding whether the northwest Kansas childcare association must be licensed as a boarding home for children pursuant to K.S.A. 65-501 et seq. and amendments thereto prior to listing member licensed child day care facilities in an association pamphlet.
According to its articles of incorporation, the northwest Kansas childcare association (hereinafter "association") is organized as a nonprofit corporation whose purposes are:
 "to promote quality child care in legally licensed or registered daycare homes; to educate the providers as to how to provide high quality child care in an atmosphere conducive to healthy growth and development; to serve as a Liaison between parents and providers, to supply educational and entertaining materials to the registered or licensed daycare homes, and to educate providers so that they can meet the basic needs of preschool children on a daily basis where children are unable to attend preschool emphasizing socialization, intellectual development and motor skills . . ."
According to the association's bylaws, membership is extended to "any person in northwest Kansas who is a legally registered or licensed daycare home in the the State of Kansas." The association itself is not licensed or registered as a child day care home, nor does the association provide day care to children. The association is essentially a organization composed of licensed day care providers in northwest Kansas whose objective is "to promote quality childcare in a legally licensed or registered daycare home." (Association bylaws)
According to the association's vice-president, once or twice a year the association publishes a pamphlet which lists names of member registered and licensed childcare homes with addresses, telephone numbers, hours of availability, ages of children accepted and other information about the particular childcare homes. The pamphlet also contains the following statement:
 "This pamphlet is prepared as an advertising service by NWKCAA for parents who need childcare services. The officers do not personally refer provider names. We encourage parents to personally contact and interview prosepctive providers, and to ask for references."
K.S.A. 65-501 makes it unlawful for any person, firm, corporation or association to conduct or maintain a maternity hospital or home, or a boarding, receiving or detention home for children under sixteen years of age without having a license or temporary permit from the secretary of the Kansas department of health and environment (KDHE). K.S.A. 65-503(a) defines boarding home for children to include:
 "(3) an association, organization or individual engaged in receiving, caring for or finding homes for children under 16 years of age who are orphans, children in need of care, deprived children or children who need day care, or a place maintained by such association, organization or individual for the purpose of caring for children under 16 years of age;"
KDHE interprets this provision to include any organization which receives and distributes lists of child care providers to parents who are seeking day care for their children. KDHE bases this interpretation on a department regulation, K.A.R. 28-4-185 which defines "day care referral agency" to mean:
 "an association, organization, individual, or corporation receiving, caring for, and finding homes for children needing day care who are under 16 years of age."
KDHE takes the position that regulation of day care referral agencies is necessary to insure that the correct information is distributed to prospective day care clients and that any additional services offered by such an organization are appropriate.
Based on its interpretation, KDHE would require the association to become licensed as a day care referral agency before the association could lawfully publish and distribute its pamphlet listing its own member licensed day care providers. To obtain a license, the association would be required to comply with the requirements of K.S.A. 65-501 et seq. and amendments thereto and the rules and regulations adopted thereunder. K.A.R. 28-4-186. Statutory requirements include application and payment of license fee (K.S.A. 1991 Supp. 65-505), inspection of the home (K.S.A. 1991 Supp. 65-504) to insure proper heating, plumbing, lighting and ventilation, suitable toilets, lavatories, bathtubs, sinks and drains, as well as insuring each child is furnished "an individual towel, wash cloth, comb and individual drinking cup or sanitary bubbling fountain, and toothbrushes." K.S.A. 65-508.
Regulation requirements include clear administrative authority, liability and accident insurance, specified services relaing to referral records, staff qualifications, training of volunteers, provision for substitute care, and health assessment forms. K.A.R. 28-4-187.
The issue comes down to the meaning of the term "finding homes for children under sixteen years of age who need day care." Can this phrase be stretched to include the publication and distribution of a listing of licensed day care providers as KDHE maintains? If so, then the association is required to be licensed as a day care referral agency. Under the KDHE rationale, arguably Southwestern Bell should also be licensed as a day care referral agency since the "yellow pages" provide a public listing of child care centers. KDHE itself, which provides lists of licensed child care providers, would also be subject to licensure as a day care referral agency. The construction contended for by KDHE would appear to lead to such absurd results which must be avoided, if possible, in construing a statute. Smyth v. United States, 90 F.2d 900 (10th Cir. 1937) A statute should be so construed if possible as not to charge the legislature with a ridiculous result. Keck v. Cheney, 196 Kan. 535
(1966).
The word "find" means "to come upon by seeking or by effort; to discover; to determine; to locate." [Black's Law Dictionary, 568 (5th Ed. 1979)]" To avoid an absurd result, the word "find" as used in K.S.A.65-501(a)(3) and K.A.R. 28-4-185 must be understood to refer to activity of an entity which goes beyond the mere publication and distribution of a list of licensed day care homes. In our opinion, the association is not finding homes for children who need day care; by providing a list of licensed child care facilities, the association is providing a mechanism by which persons who need child day care can find day care providers themselves. Thus, it is our conclusion that in relation to the publication and distribution of a list of licensed day care facilities, the association is not required to be licensed as a child care referral agency.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General