Leigh Hood Ford County Attorney Ford County Courthouse P.O. Box 1057 Dodge City, Kansas 67801
Dear Mr. Hood:
As Ford county attorney you ask our opinion regarding the legality of a particular situation in light of the statutory prohibition against the consumption of alcoholic liquor in certain places.
You advice us of the following situation: Individuals in the local community rent large open buildings (for instance the national guard armory) for the purpose of holding dances. The dances are then advertised through local media and posters scattered throughout the community. A cover charge is assessed to persons entering the building. Persons attending the dance bring their own alcoholic liquor or beer. There is no evidence of alcoholic liquor or any substances mixed with alcoholic liquor being sold during the dance. The individuals renting the buildings do not hold a liquor license.
Specifically you ask: "(a) Does the paying of a cover charge so long as alcoholic liquor or `setups' are not sold, exempt the lessee under the statutes? (b) Since these dances are open to the general public so long as they pay the cover charge, does this make these people `guests of the lessee' such that they are exempt by the statute? (c) Since a cover charge is required, does the lessee need to obtain a liquor license?"
In Kansas the consumption of alcoholic liquor on unlicensed premises is generally prohibited. By virtue of K.S.A. 1992 Supp. 41-719(b) the consumption of alcoholic liquor is prohibited on private property with certain exceptions, including:
 "(2) upon private property by a person occupying such property as an owner or lessee of an owner and by the guests of such person, if no charge is made for the serving or mixing of any drink or drinks of alcoholic liquor or for any substance mixed with any alcoholic liquor and if no sale of alcoholic liquor in violation of K.S.A. 41-803, and amendments thereto, takes place;" (Emphasis added)
Violation of K.S.A. 1992 Supp. 41-719(b)(2) is a misdemeanor punishable by a fine of not less than $50 or more than $200 or by imprisonment for not more than six months, or both. K.S.A. 1992 Supp. 41-719(i).
The primary issue you raise is whether persons who attend the dances described above may be considered "guests" of the individuals who lease the buildings and arrange for the dances. The Kansas liquor control act, K.S.A. 41-102 et seq., regulations adopted thereunder, the Kansas case law fail to define the word "guest." While "guest" has been legally defined for a multitude of purposes, we are unable to locate any definition of "guest" within a context similar to its use in K.S.A. 1992 Supp. 41-719(b)(2).
Generally "guest" means "a person who is a recipient of hospitality at the home or table of another; a person to whom entertainment or hospitality has been extended." The American Heritgage Dictionary 581 (Second Edition 1982). The problem with using this general definition for purposes of K.S.A. 1992 Supp. 41-719(b)(2) is that the word "guest" would be meaningless; any event on private property to which an owner or lessee extended entertainment or hospitality would then be considered available for the consumption of liquor by such "guests" regardless of the private or public nature of the event. Adoption of the general meaning of the word would thus lead to an absurd result. A statute should be so construed if possible as not to charge the legislature with a ridiculous result. Keck v. Cheney, 196 Kan. 535 (1966). We are therefore convinced that the legislature intended a narrower interpretation of the term "guest" as used in K.S.A. 1992 Supp.41-719(b)(2).
Given the absence of any appropriate definition of the word "guest" for purposes of K.S.A. 1992 Supp. 41-719(b)(2), we offer the following definition as a reasonable interpretation which we believe carries out the intent of the legislature: "Guest" means a person to whom a private or personal invitation, as opposed to a public announcement, has been extended for hospitality or entertainment. Using this definition, persons attending dances described above would not be considered guests of the lessee (presumably the individual who arranged the dance) regardless of whether a cover charge is assessed. In order for the alcoholic liquor to be lawfully consumed at these dances, the lessee of the building must obtain the appropriate liquor license.
In your opinion request, you also referenced the national guard armory as one example of a public building used for the dances. Consumption of alcoholic liquor on public property is prohibited pursuant to K.S.A. 1992 Supp. 41-719(c). However, subsections (d) and (e) provide mechanisms by which city or county owned property may be exempted from the prohibition by city ordinance or county resolution. In addition, pursuant to subsection (h),
 "Any city may exempt, by ordinance, from the provisions of subsection (c) any national guard armory in which such city has a leasehold interest, if the Kansas military board consents to the exemption."
In the absence of an exemption as allowed by K.S.A. 1992 Supp. 41-719(c), consumption of alcoholic liquor on public property is prohibited conduct, the violation of which is a misdemeanor as specified in K.S.A. 1992 Supp. 41-719(i).
In conclusion, in our opinion, within the context of K.S.A. 1992 Supp.41-719(b)(2) which provides an exception to the prohibition against consumption of alcoholic liquor on private property, the word "guest" means a person to whom a private or personal invitation, as opposed to a public announcement, has been extended for hospitality or entertainment. In addition, the consumption of alcoholic liquor on public property is prohibited unless excepted pursuant to K.S.A. 1992 Supp. 41-719(c) or exempted as authorized by K.S.A. 1992 Supp. 41-719(c).
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas