The Honorable Gary Haulmark State Representative, Thirtieth District 8709 Gallery Lenexa, Kansas 66215
Dear Representative Haulmark:
You request our opinion regarding the propriety of prohibiting the issuance of a retail liquor license to a woman whose husband holds a license for a retail liquor establishment that the husband operates as a sole proprietor. You suggest that we review the following authorities: Article 15, sections 6 and 10 of the Kansas constitution; K.S.A. 23-201; K.S.A. 41-101 et seq.; and Attorney General Opinion No. 92-75.
K.S.A. 41-311 sets forth many of the qualifications for obtaining a retail liquor license. That statute provides in part that "[n]o retailer's license shall be issued to: . . . a person who has beneficial interest in any other retail establishment licensed under this act;. . . ." K.S.A. 41-311(b)(4). Further, K.S.A. 41-311 prohibits licensure of any person "whose spouse would be ineligible to receive a license under" the liquor control act. K.S.A. 41-311(a)(12). Thus, pursuant to the act a person whose spouse would be ineligible for a license, because that spouse already has a beneficial interest in a licensed establishment, would also be ineligible for a license. [K.S.A. 41-311(a)(2) does not apply in determining eligibility for a renewal license, so that if licenses are held before marriage, the fact of the marriage would not divest one or the other spouse of their license or the ability to renew their license.]
The division of alcoholic beverage control has stated this same qualification in a slightly different way: "An individual or partnership shall not be issued a retailer's license if any individual, partner or spouse of that individual or partner: . . . has a beneficial interest in: . . . another retail liquor store licensed by the director." K.A.R.14-13-2(c)(9)(C). The division has further defined "beneficial interest" to mean "any ownership interest by a person or that person's spouse in a business, corporation, partnership, business trust, association or other form of business organization which exceeds 5% of the outstanding shares of that corporation or a similar holding in any other form of business organization." K.A.R. 14-13-1(c).
In our opinion both K.S.A. 41-311 and K.A.R. 14-13-2 preclude issuance of a retail license to the spouse of an individual who has a beneficial interest in another retail establishment licensed under the liquor control act. Clearly an individual who owns and operates a retail liquor store as a sole proprietorship has a beneficial interest in that establishment.
In Attorney General Opinion No. 92-75 this office was asked to interpret a statute in the parimutuel racing act that precluded members of the racing commission from participating either directly or indirectly in any race meeting conducted in the state as an owner of a horse. The opinion concluded that marriage alone does not automatically confer indirect ownership of one spouse's property to another and therefore the statute as written did not prohibit a commission member's spouse from owning a horse entered in race meetings conducted in this state unless the commission member himself had an actual possessory, pecuniary or other beneficial interest in the horse. In other words, the ownership interest of one spouse could not be ascribed to the other spouse if the statute was silent regarding the spouse's interest. Here the statute is not silent regarding the spouse's interest. K.S.A. 41-311 specifically prohibits one spouse from licensure if the other spouse has a beneficial interest in a licensed retail establishment. See Keck v. Cheney,196 Kan. 535 (1966) (violation of an intoxicating liquor law bars the right to an intoxicating liquor license to either the convicted person or his spouse). See also K.S.A. 46-229, K.S.A. 1993 Supp. 75-4301a
(examples of other statutes that impute one spouse's interest to the other). Thus, in our opinion, the analysis of Attorney General Opinion No. 92-75 is inapplicable.
Article 15, section 6 of the Kansas constitution provides as follows:
 "The legislature shall provide for the protection of the rights of women, in acquiring and possessing property, real, personal and mixed, separate and apart from the husband; and shall also provide for their equal rights in the possession of their children."
This constitutional provision "directed the Kansas legislature to give women the right to own property. The legislature did this in 1868 by passing the Married Women's Act, which later became the Married Persons' Act. See K.S.A. 23-201 et seq." St. Francis Regional Med. Center, Inc.v. Bowles, 251 Kan. 334, 339 (1992). The Kansas Supreme Court discussed the purpose of these provisions in Harrah v. Harrah, 196 Kan. 142, 145
(1966):
 "At common law the husband had almost absolute control over his wife. He was entitled to her services and consequently to her earnings and all of her possessions. A married woman had no legal existence apart from her husband and thus could not contract in her own name. She was in a condition of complete dependence. [Citation omitted.] However, the inclusion of Art. 15, sec. 6, in the Kansas Constitution and the enactment of G.S. 1949, 23-201, et seq., now K.S.A. 23-201, et seq., as Justice Burch, speaking for the court, explained it, — "`. . . irretrievably broke down the common-law theory of marital unity, destroyed the notion of feminine subjection to baronial authority, threw off the restraints of coverture, and installed the modern doctrine of the equality of man and wife before the law.' (Harrington v. Lowe, 73 Kan. 1, 18, 84 P. 570.) 
 "The obvious purpose of the constitutional provision and the implementation thereof by the married women's statutes was to give the wife an equal opportunity to acquire and possess property and to protect her rights therein upon the marriage and subsequently during the marital relationship."
The court, noting that "statutes are to be read together and harmonized if at all possible, to the end that both may be given force and effect,"id. held that article 15, section 6 and K.S.A. 23-201 et seq. did not prohibit the courts from applying authority granted by article 2, section18 of the Kansas constitution and K.S.A. 60-1610 in dividing marital property of husbands and wives upon divorce. We must therefore determine if article 15, section 6 and K.S.A. 23-201 et seq., given the intent of those provisions, can be reconciled with K.S.A. 41-311 and K.A.R. 14-13-2.
K.S.A. 41-311 does not prohibit the acquisition or possession of real or personal property, rather it prohibits the conduct of a particular kind of business in a heavily regulated industry under certain circumstances. Thus its provisions do not conflict with article 15, section 6 or K.S.A. 23-201.
K.S.A. 23-204 provides that "[a]ny married person may carry on any trade or business, and perform any labor or services, on his or her sole and separate account. . . ." This statute was enacted in an attempt to overcome the common law concept that a married woman had no legal existence apart from her husband. Clark v. Southwestern Greyhound Lines,144 Kan. 344, 346 (1936). The statute does not, however, stand for the proposition that any married person is entitled to a license to conduct a particular business whether or not that person is qualified for such license. The state, pursuant to its authority under the 21st amendment to the United States constitution and article 15, section 10 of the Kansas constitution, has developed a series of qualifications for persons wishing to sell liquor. See City of Baxter Springs v. Bryant,226 Kan. 383, 390-391 (1979) (while state regulation in the field of alcoholic beverages must not conflict with other provisions of the constitution, under the 21st amendment there is a presumption in favor of the validity of a state regulation in this area); Tri-State Hotel Co. v.Londerholm, 195 Kan. 748, 751-752 (1965). One of the qualifications adopted by the state prevents an individual from holding more than one retail license at a time and a married couple from having simultaneous beneficial interest in more than one licensed retail establishment unless both licenses were obtained prior to the marriage. This prohibition is not directed at the wife; it is gender-neutral in its application. If a woman has a license to operate a retail liquor store, her husband is likewise ineligible to obtain a license for another retail liquor store. For these reasons, we do not believe that K.S.A. 41-311 is in conflict with K.S.A. 23-204 and thus is not rendered invalid by virtue of that statute.
In conclusion, the Kansas liquor control act prohibits the granting of a retail license to an individual whose spouse has a beneficial interest in another retail establishment licensed under the liquor control act. This provision is not in conflict with or invalidated by the provisions of article 15, section 6 of the Kansas constitution or K.S.A. 23-201 etseq.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM: