Phyllis Gilmore Executive Director Behavioral Sciences Regulatory Board 712 S. Kansas Avenue Topeka, Kansas 66603-3817
Dear Ms. Gilmore:
As Executive Director of the Behavioral Sciences Regulatory Board you ask our opinion regarding whether licensed clinical psychotherapists, licensed clinical marriage and family therapists and licensed clinical professional counselors may be considered "qualified mental health professionals" as that term is used in the Care and Treatment Act for Mentally Ill Persons.[1]
In 1999 the Kansas Legislature passed House Bill No. 2213[2] creating a licensed clinical practice level for licensed masters level psychologists, licensed marriage and family therapists and licensed professional counselors. To attain the clinical level license, a person must first be licensed at one of the initial levels. Then, upon obtaining two years supervised clinical experience, a licensed masters level psychologist may be licensed as a clinical psychotherapist; a licensed marriage and family therapist may be licensed as a clinical marriage and family therapist; and a licensed professional counselor may be licensed as a clinical professional counselor. Licensure at the clinical level allows the practitioner to engage in independent practice and to diagnose and treat mental disorders.[3]
For purposes of the Care and Treatment Act for Mentally Ill Persons, a "qualified mental health practitioner" is defined in pertinent part as "a licensed masters level psychologist, a licensed marriage and family therapist, a licensed professional counselor, . . ."[4] The issue thus presented is whether a person licensed at the clinical practice level may be considered a "qualified mental health practitioner" even though the statutory definition references only persons licensed at the initial practice level.
A strict statutory construction would dictate a negative answer to the question posed. Such an approach, utilizing the statutory construction maxim of "expressio unis est exclusio unis,"[5] would, however, reach an absurd result: Persons licensed at the requisite initial level would be recognized as qualified mental health professionals, while persons licensed at the advanced clinical level would not. Since the Legislature is presumed to intend that a statute be given a reasonable construction so as to avoid unreasonable, ridiculous or absurd results,[6] we turn to other principles of statutory construction.
The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the Legislature governs when that intent can be ascertained from the statute.[7] Where a statute may be of doubtful meaning or is susceptible to two or more constructions, legislative history of the statute may be reviewed to determine the meaning of the statute.[8] If the legislative history does not assist in the determination as to which of the two constructions is correct, the reasonable construction should be selected so as to avoid unreasonable or absurd results.[9] Further, it is well established that statutes in pari materia should be construed together so as to harmonize their respective provisions, if reasonably possible to do so.[10] This means that when provisions of two or more acts affect the same issue and subject matter, so far as practicable, the different provisions should be reconciled so as to make them consistent, harmonious, and sensible.[11]
Further, in ascertaining the purpose of a statute susceptible of more than one construction, it is essential to consider the effect the statute may have under various possible constructions.[12] The long-standing guiding principle of common sense need not be abandoned when interpreting a statute.[13] Finally, legislative inaction is not necessarily indicative of legislative intent.[14]
A review of the legislative history does not provide any assistance concerning the purpose of the term "qualified mental health professional" as used in the former Care and Treatment Act for Mentally Ill Persons[15]
or in the current Act. However, it seems apparent from the words themselves that the Legislature intended that only persons professionally qualified in the mental health field should be granted authority to take certain actions in relation to the care and treatment of mentally ill persons. To conclude that persons licensed at the initial level are so qualified, but that persons licensed at the clinical level are not, would clearly not avoid an unreasonable result.
Further, we believe that the definition "qualified mental health professional" within the Care and Treatment Act of Mentally Ill Persons should be construed in pari materia with the Master's Level Psychologists Act,[16] the Marriage and Family Therapists Act,[17] and the Professional Counselors Act.[18] To reconcile the latter Acts with the former in a manner that is harmonious and sensible is to understand the initial license level, by which a practitioner is statutorily deemed a qualified mental health professional, to be subsumed into the clinical license level, and thus to understand that a person licensed at the clinical level retains the status of a qualified mental health practitioner. Under an opposite and strict construction, the effect would be to cause a person licensed at the initial level to be ineligible for qualified mental health professional status once that person attained the clinical license level, an effect that would be unreasonable, ridiculous, and absurd, as well as one that defies common sense.
Finally, we find it impossible to conclude that legislative failure to amend the definition of a "qualified mental health professional" to include persons licensed at the clinical level is an indication that they should be excluded. For the sake of clarity, however, we believe remedial legislation would be appropriate.
In conclusion, it is our opinion that licensed clinical psychotherapists, licensed clinical marriage and family therapists, and licensed clinical professional counselors should be considered "qualified mental health professionals" as that term is used in the Care and Treatment Act for Mentally Ill Persons.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm
[1] K.S.A. 1999 Supp. 59-2945 et seq.
[2] Now L. 1999, ch. 117 (effective July 1, 2000).
[3] K.S.A. 1999 Supp. 65-5802, as amended by L. 1999, ch. 117, § 1(regarding licensed clinical professional counselors); K.S.A. 1999 Supp. 65-6402, as amended by L. 1999, ch. 117, § 18 (regarding licensed clinical marriage and family therapists); K.S.A. 1999 Supp. 74-5361, as amended by L. 1999, ch. 117, § 29 (regarding licensed clinical psychotherapists).
[4] K.S.A. 1999 Supp. 59-2946(j).
[5] The maxim "expressio unis est exclusio alterius" means that the mention or inclusion of one thing implies the exclusion of another.Degollado v. Gallegos, 260 Kan. 169 (1996).
[6] State v. Crank, 262 Kan. 449 (1997); Keck v. Cheney, 196 Kan. 535
(1966).
[7] Britz v. Williams, 262 Kan. 769 (1997).
[8] Tompkins v. Bise, 259 Kan. 39, Syl. ¶ 3 (1996).
[9] Id.
[10] Callaway v. City of Overland Park, 211 Kan. 646, 650 (1973).
[11] Sowers v. Tsamolias, 23 Kan. App. 2d 270 (1996).
[12] State ex rel., v. City of Overland Park, Kansas, 215 Kan. 700, Syl. ¶ 10 (1974).
[13] Stave v. Wilson, 267 Kan. 550 (1999); State v. Pfeifer, 96 Kan. 791
(1915).
[14] U.S.D. No. 501 v. Baker, Kansas Supreme Court No. 83,805 (May 26, 2000), citing Board of Leavenworth County Commissioners v. McCrawFertilizer Service, Inc., 261 Kan. 901, 916 (1997) (the court can draw many contradictory inferences from the Legislature's failure to pass a bill); and Higgins v. Cardinal Manufacturing Co., 188 Kan. 11, 25, cert.denied 368 U.S. 829 (1961) (it is "highly speculative" to conclude Legislature's failure to pass a bill on the subject at hand to be indicative of legislative intent; Legislature may have considered the legislation unnecessary in light of current state law).
[15] K.S.A. 59-2901 et seq., repealed L. 1996, ch. 67.
[16] K.S.A. 74-5361 et seq., and amendments thereto.
[17] K.S.A. 65-6401 et seq., and amendments thereto.
[18] K.S.A. 65-5801 et seq., and amendments thereto.